Nov. Term,
1820.

SHIELDS
v.
CUNNING-
HAM.

SHIELDS and Wife v. E. CUNNINGHAM, an infant, by W.
CUNNINGHAM, her next friend.

The *capias ad respondendum* is no part of the record, unless it be specially made
so in some legitimate way.

The statements of a witness made out of Court, contrary to what he swears at
the trial, concerning facts relevant to the issue, may be proved to impeach
his credit. *Secus*, if they be of irrelevant facts.

If the Court below reject such proof, no objection can be made in error, unless
the record show that the facts were relevant.

Slander by a feme sole against husband and wife, for the following words spoken by the wife: "Doctor *Eddy* made an appointment with *Elizabeth Cunningham*, (meaning the plaintiff,) scaled the walls, and went to bed to her, (meaning the plaintiff,) at Mrs. *Reperton's* house: (thereby meaning that the plaintiff had committed fornication:") *Held*, that the words were actionable, under the statute.

*Wednesday,*
*November 8.*

ERROR to the *Harrison* Circuit Court.—This was an action on the case by *Elizabeth Cunningham*, an infant, by her next friend, against *Shields* and wife, for slanderous words spoken by the wife concerning the plaintiff. The words charged in the second count were as follows: "Doctor *Eddy* made an appointment with *Elizabeth Cunningham*, (meaning the plaintiff,) scaled the walls and went to bed to her, (meaning the plaintiff,) at Mrs. *Reperton's* house, (thereby meaning that the plaintiff had committed fornication.") Plea, not guilty. Verdict and judgment for the plaintiff below.

SCOTT, J.—The plaintiffs in error complain of the incorrectness of the proceedings below in three particulars: *first*, in overruling a motion to dismiss the writ; *secondly*, in refusing to permit the defendant to introduce testimony to prove that the plaintiff's witness had made contradictory statements at other times and places; and, *thirdly*, in overruling a motion in arrest of judgment, on the ground that the words laid in the delaration are not actionable. The writ is no part of the record unless made so by the parties. It has not in this case, by any legitimate method, been made a part of the record; and the circumstance of its being spread before us by the clerk of the Circuit Court, can add nothing to its validity. We cannot therefore notice the first error complained of. The second objection to the judgment, is

predicated on the decision of this Court in the case of *Stout* v. *Wood*, decided at the last *July* term (1). In that case, the Circuit Court refused to permit the defendant to introduce testimony to prove, that the plaintiff's witness was interested. In the case before us, the Court refused to permit the defendant to introduce testimony to prove, that the plaintiff's witness had made contradictory statements at other times and places relative to certain facts; but we are not informed what those facts were, or that they were at all relevant or material to the issue. We consider this to be the correct doctrine: Where a witness has, at other times and places, made statements repugnant or contradictory to those delivered in Court, and relative to facts material to the issue, the adverse party has a right to prove that circumstance in order to discredit the witness, or diminish the weight of his testimony; but if such contradictory statements relate to facts irrelevant and immaterial, the testimony ought not to be admitted: and the Court, in such cases, has always a right to inquire of the party offering such counter testimony, what contradictory statements he expects to prove, or to what points he intends to apply the proposed testimony. 1. Phill. Ev. 210.—7 East, 108.—2 Camp. 637. We find nothing in the record to support the objection (2). The third point we think equally untenable. The words laid in the declaration clearly import a charge of fornication. A phraseology more indecent might have been used; but no set of words, however plain and explicit, would have conveyed the idea with more certainty, or have been productive of a result more mischievous and fatal in in its consequences. The Circut Court acted correctly in refusing to arrest the judgment (3).

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages, and costs.

*Hurst* and *Thomasson*, for the plaintiffs.

*Dewey* and *Moore*, for the defendant.

(1) Ante, p. 71.

(2) The following case illustrates the doctrine in the text. Indictment for larceny. The defendant, on cross-examination, asked the witness for the prosecution, whether he had not been charged with robbing him; and whether he had not said he would be revenged on him. He denied both. Evidence of these facts was then offered. The first question being *irrelevant* to the issue, the proof as to that was rejected. The second being *material* to the guilt or innocence of the prisoner, evidence contradicting the witness and showing that he

Nov. Term, 1820.

Conner
v.
N. Albany.

had made the threat, was admitted.  *Yewin's* case; 2 Camp. 638, note.—*Vide* *Rex* v. *Watson*, 2 Stark. R. 116.  S. C. 3 E. C. L. R. 289—293.—1 Stark. Ev. 134.  Although proof that the witness has given a different account of material facts, may be introduced to discredit him; he cannot, generally, at least if not thus impeached, be confirmed by proof of his having previously, out of Court, given the same account.  Evidence that the witness has made contrary statements, tends to impeach his veracity; but the circumstance of his having stated the same thing out of doors, does not, generally, carry his credibility further than his oath.  Bull. N. P. 294.—1 Phill. Ev. 213, note 2.—1 Stark. Ev. 148.

(3)  No action lies at common law for words imputing incontinence, unless special damage be alleged and proved; the offence not being punishable by that law.  *Moore* v. *Meagher*, 1. Taunt. 39.—*Buys* et ux. v. *Gillespie*, 2 Johns. R. 115.—*Brooker* v. *Coffin*, 5 Johns. R. 188.  Words charging a *female* with incontinence, were first made actionable here by statute in 1813.  Ind. Terr. Stat. 1813, p. 110.—Acc. Ind. Stat. 1823, p. 296.  This is the law in *London*, females being there liable to be carted for that offence.  Stark. on Sland. 27. So, in *Connecticut*, where it is punishable by statute, *Frisbie* v. *Fowler*, 2 Conn. R. 707; and in some of the other states.  Such words were once deemed actionable at common law, *Ann Davis's* case, 4 Co. R. 16; but, unfortunately, a contrary opinion has since prevailed.  In *Kentucky*, either a *male* or *female* may sue for this kind of slander.  *Morris* v. *Barkley*, 1 Litt. 64.—*Philips* v. *Wiley*, 2 Litt. 153.  Words charging *any person* with incest, &c. are actionable here.  Ind. Stat. 1826, p. 47.  Vide also on this subject, 6 Bac. Abr. 210 and note.—Stark. on Sland. Amer. Ed. 27, and note 1.  Ibid. 161—166.