*Nov. Term,
1840.*

BENNER
v.
ELLIOTT.

---

BENNER *v.* ELLIOTT.

If a plea contain two good defences to the action, it is bad on special demurrer for duplicity.

If a plea be in confession and avoidance, and conclude with a special traverse which does not go to the point of the action, the plaintiff may reply to the matter in avoidance without noticing the special traverse.

ERROR to the *Noble* Circuit Court.

BLACKFORD, J.—*Elliott* sued *Benner* in covenant. The action is founded on an agreement by which, in consideration, &c., the defendant agreed to build a mill-dam for the

*Tuesday,
December* 1.

plaintiff, and insured it to stand for one year from the time of its completion; breach, that the dam was so carelessly built, that it was washed away before the time expired for which it was insured to stand. There are five special pleas. Issues to the country on the first, second, and fourth pleas.

The third plea is as follows: That after the dam was finished, and before it was washed away, the plaintiff, of his own accord and without the defendant's consent, so obstructed the passage for the surplus water, &c., that afterwards, viz. on, &c. the water flowed over and around the abutments, &c., by means whereof the dam was carried off, &c.; *without this,* that the defendant built the dam in such a careless manner, that the same was carried off by water, as by the declaration is supposed; and this he is ready to verify; wherefore he prays judgment. To this third plea, the plaintiff replied in denial of the affirmative matters contained in it—not noticing the *special traverse.* General demurrer to the replication, and the demurrer overruled.

The fifth plea contains two grounds of defence. 1. Performance; 2. An excuse for non-performance. It was specially demurred to for duplicity, and the demurrer was rightly sustained.

The issues to the country were tried, and a verdict and judgment rendered for the plaintiff.

The principal question in the cause relates to the validity of the replication to the third plea, and is easily decided. The objection made to the replication is, that it does not notice the special traverse with which the plea concludes. The breach relied on in the declaration is, that the dam was washed away within the time for which it was warranted to stand, which breach is admitted by the plea, and avoided by an averment that it was occasioned by the plaintiff's own misconduct. The plea is therefore a good defence by way of confession and avoidance.

The special traverse in this case is bad, because it does not go to the point of the action. The breach, as we have already observed, is,—that the dam was washed away within the time for which it was insured to stand; but the traverse, instead of denying that averment, merely says that the dam was not washed away on account of its being carelessly

built. That is denying a matter which, though alleged in the declaration, has nothing to do with the cause of action.

Nov. Term, 1840.

We consider that the conclusion of the third plea, commencing with the words "without this," &c., ought not to have been added to the plea, and was very properly disregarded by the replication (1).

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*D. H. Colerick* and *W. H. Coombs*, for the plaintiff.

*H. Cooper*, for the defendant.

(1) If the conclusion of the plea named in the text, commencing with *absque hoc*, &c., had been good, that is, if it had denied that the dam had been washed away, &c., the plea would have contained two good defences, and would consequently have been bad for duplicity. Com. Dig. tit. Plead. G. 22.