THE STATE on the Relation of BARRELL and Another *v.* CHRISMAN and Others.

The inducement to a plea of special traverse must be, in substance, a suffi-cient answer to the declaration, though not a direct denial, nor yet a confession and avoidance; and the traverse with which it concludes must go to a material point which will try the merits of the cause.

The only way of answering a good special traverse is to join issue upon it.

The vacation-appointment of an administrator by the clerk must be con-firmed by an order of the Court at its next succeeding term, or the ap-pointment will then cease to be of effect.

A bond cannot be delivered as an escrow to the obligee.

APPEAL from the *Boone* Circuit Court.

PERKINS, J.—Debt upon an administrator's bond against

him and his sureties. The plaintiff is *The State* upon the relation of *Barrell* and *Hannah*. The defendants are, *John Chrisman, John H. Nelson, Simon Emmert, Samuel Miller, David Bush, William D. Porter, Caleb Osborn*, and *John Porter*. The date of the bond is alleged to be the 29th of *September*, 1838. *John Chrisman* is the administrator, and upon the estate of *John Galvin*, deceased. The condition of the bond is stated in the declaration; and, according to that statement, is in the usual form of an administrator's bond. The declaration alleges that, in *April*, 1840, *Barrell* and *Hannah* obtained a judgment against *Chrisman*, as administrator, upon a debt due from *Galvin*, and that an execution upon it was returned, no goods, &c., of the deceased *Galvin's* estate. It then assigns four breaches of the condition of the bond by *Chrisman*. The first is, that he had received a large amount of the effects of *Galvin* with which he should have paid said judgment, but that he had wasted them, &c. The other breaches need not be stated. The defendants pleaded separately, and filed, in the aggregate, fifty-one pleas. The case went off upon demurrer in favor of the defendants; and we shall find it necessary to state but one of the pleas in determining upon the correctness of the decision below.

The 8th plea of *William D. Porter* was as follows: "The said defendant says *actio non*, because he says that the said *John Chrisman*, on the 29th of *September*, 1838, in the vacation of the *Boone* Probate Court, took out special letters of administration on the estate of one *John Galvin*, deceased; and the supposed writing obligatory in the plaintiff's declaration set forth, was the supposed bond of the said *John Chrisman*, and the other defendants herein, for the faithful discharge of his duties as such administrator; and the said *Boone* Probate Court, at its session next ensuing the date of said bond, did not confirm the said special letters of administration, nor continue said bond. And the said defendant avers that, from the 29th of *September*, 1838, until the end of the next session of the said Probate Court thereafter ensuing, the said *John Chrisman* was not guilty of any of the said supposed breaches of the condition of said

bond. *Without this*—that the said *John Chrisman* was the administrator of the goods, chattels, rights, &c., of the estate of the said *John Galvin*, deceased, at any time after the end of the session of the *Boone* Probate Court next succeeding the said 29th of *September*, 1838; and this," &c.

To this plea the plaintiff replied, giving a minute history of *Chrisman's* vacation-appointment, and averred, "that the said *John Chrisman*, under and by virtue of said appointment, took upon himself the burthen of said administration, and possessed himself of the goods, &c., of said estate, and proceeded to make an inventory, &c., thereof, (the said *John Porter* assisting, &c.); and afterwards, and before the term of said Probate Court next ensuing his said appointment, said *Chrisman* caused said inventory, &c., to be filed in the office of said clerk of said Probate Court; and at the term of said Court next ensuing said appointment of *Chrisman*, to-wit, at the *November* term, 1838, said Court (whereof *Samuel McLean* continued to be judge, and who, as such, in vacation, approved said *Chrisman's* said bond), made no order of record in relation to said appointment and said bond; nor did the said Court, at said *November* term, 1838, or at any other term, ever recall or set aside the appointment of said *Chrisman*, or disapprove of said bond, or appoint any other administrator of said estate, or make any other appointment of said *Chrisman*, as such administrator; nor was any other or different administration of said estate ever granted, than said appointment of said *Chrisman* as aforesaid made; nor was any other security ever given by or on behalf of said *Chrisman* in the premises, than the bond aforesaid; and said plaintiff further avers that, by virtue of said vacation-appointment, *Chrisman* continued to act as administrator for many years after said *November* term, 1838, and made reports of his doings as such to said Probate Court, which said Court received and acted upon, and further dealt with and treated said *Chrisman* as administrator as aforesaid, under and by virtue of his said vacation-appointment, and after the said *November* term, 1838; and while said *Chrisman* so continued to act as such administrator, under his said appoint-

ment, he, the said *Chrisman*, committed the grievances, &c., complained of, &c., which the plaintiff is ready," &c.

To this replication a demurrer was sustained, and final judgment given for the defendants.

The replication was to several pleas, all similar to the one we have set out; and what we shall say will apply to all of said pleas.

The plea in question was drawn with an eye to the following provisions of the R. S. of 1838, p. 178, s. 18.

"When any person shall die intestate in the vacation of said Court, [Probate Court,] and his or her estate is in such condition as to require the immediate care of some person of competent integrity and ability, it shall be lawful for the clerk of such Court, in the county in which, by the conditions of this act, administration shall be granted, to grant some such person special letters of administration on the estate of the said deceased, until the next ensuing session of said Court." "Provided, that such Court, at its next ensuing session after the granting of such special letters of administration, at its discretion, may confirm or revoke the same; and if such Court shall confirm the granting of said letters, it may, at its discretion, either continue the bond taken as aforesaid by said clerk, or require such administrator to renew said bond, conditioned as aforesaid; and if such Court shall revoke such letters, it shall proceed to grant general letters of administration to such person or persons as are or may be legally entitled to the same."

The plea is what is called a special traverse, and its inducement must be, in substance, a sufficient answer to the declaration, though not a direct denial, nor yet a confession and avoidance of it, and the traverse with which it concludes must go to a material point which will try the merits of the cause. We think this substantially such a plea. The declaration goes upon a general appointment as administrator, and alleges breaches occurring nearly two years subsequent to the appointment. The plea, in its inducement, states the appointment to be a special one, made by the clerk in vacation, to continue till the

next term of the Court; that the appointment was not confirmed at that term, and that no breach occurred prior thereto.   Now, as the clerk had only power to make an appointment that should continue till the next term of the Court, and as that made was not, according to the plea, confirmed at that term, it would seem that *Chrisman* could not have been administrator of said estate at the time the alleged mal-administration took place; and if not, his sureties could not be liable for it.   As to the traverse, it denies directly that *Chrisman* was administrator at the time of the commission of the alleged breaches. The decision of that question would certainly determine the merits of the case.   It has been objected that the special traverse was not the proper plea to have been adopted on this occasion; that it should have been a simple traverse of the fact that *Chrisman* was administrator at the time of the alleged breaches.   Suppose this to be true, as to which we give no opinion, still, as the plea adopted contains that very traverse, the inducement can be regarded as nothing worse than surplusage, which does not vitiate upon general demurrer, as upon which we must decide upon this plea.

The plaintiff, then, not seeing fit to demur to the plea specially, and it being good, as we have seen, upon general demurrer, what course was left for him to pursue in regard to it?   *Stephens*, in his work on Pleading, p. 189, says:   "As the inducement of a special traverse, when the denial under the *absque hoc* is sufficient, can neither be traversed nor confessed and avoided, it follows that there is, in that case, *no* manner of *pleading* to the inducement.   The only way, therefore, of answering a good special traverse, is to join issue upon it."   See, also, *The Mayor of Oxford* v. *Richardson et al.*, 4 T. R. 437; and *Benner* v. *Elliott*, 5 Blackf. 451.   And this is but the general rule as to all good traverses.   There cannot be a traverse upon a good traverse, and there cannot be a confession and avoidance of a good traverse.   Issue must be taken on it.   In this case, suppose the defendant had simply traversed the fact that *Chrisman* was administra-

tor, could it have been possible for the plaintiff to have confessed the fact that he was not administrator, and still avoided it so as to hold him liable as being administrator?

It remains but to determine whether the replication in this case does take issue on the plea. The plea is, that *Chrisman* was not administrator at the time of the alleged breaches. The replication should have simply and directly joined issue upon it. It does not do this, but recites facts and circumstances going to show that *Chrisman* was administrator, but not such, we think, as, if true, would establish the fact. The Probate Court is a Court of record. A record of its proceedings is required by law to be kept. Its acts are evidenced by its records. It is admitted in the replication in this case that the Court made no entry of record continuing *Chrisman* in office, or continuing his bond in force. It is not alleged that any such order was announced by the Court, and omitted by the clerk to be recorded. The appointment must have been continued by the Court at the term next after it was made, or it then expired, and no subsequent attempt to continue it could avail. The only fact relied on to evidence such a continuance is, that at said next term *Chrisman* made report of his doings to that time. This he was bound to do if not continued. The fact, therefore, is of no importance to the question before us; and it will hardly be contended, we think, that any mental determination on the part of the Court, unrecorded and unannounced, could be taken as a continuance of this appointment. Such a doctrine would be too great an outrage upon the rights of the sureties, who would have a right to look to the record to ascertain the continuance or non-continuance of their liability. We think the replication does not show that *Chrisman* was continued in office.

Another point must be noticed. *Nelson,* one of the defendants, filed the following plea, verified by oath, viz.: "that the said supposed writing obligatory in the declaration mentioned, was signed by him upon condition that twelve or fifteen other good men signed it, which was not done; and that unless said number of persons did sign

May Term, 1850.

THE STATE
v.
CHRISMAN.

May Term, 1850.

it, it was not to be considered his deed." Demurrer to the plea sustained.

This plea admits the signature to the bond, and does not deny that the same was delivered to the obligee. When so signed and delivered, it became absolute. *Petersdorf*, vol. 9, p. 109, n., says, "if the delivery be to the *party himself*, it is no escrow; see Hob. 246; Cro. Eliz. 520; for it makes the deed absolute; see 1 Dyer, 34, pl. 25." *Pauling et al.* v. *The United States*, 4 Cr. 219, and *Moss* v. *Riddle*, 5 id. 351, are to the same effect. The demurrer to this plea was rightly sustained.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*R. A. Lockwood*, for the appellant.

*J. S. Watts*, for the appellees.