May Term, 1850.

PRICHARD v. LLOYD.

---

PRICHARD *v.* LLOYD.

Slander. The Court instructed the jury "that if the plaintiff and defendant and one *Springer* had set down to gamble in *Greensburg,* and while there *Springer* took out a 5 dollar bill and proposed to bet 1 dollar ; that after the bill was put down it was missing and search was made for it ; that the parties were searched but it could not be found ; that the parties went out of the house to search for it, and found, near the window, a pocket-book unclasped and the bill in it ; that *Springer* took the bill and handed the pocket-book to the plaintiff who took it and said, ' don't tell this on me, for if you do it will ruin me,' these words are actionable." *Held,* that these words do not, of themselves, import a charge of larceny.

Monday, July 15.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—*Lloyd* sued *Prichard* in an action of slander, alleging that the latter had charged him with the crime of larceny. Plea—not guilty. Verdict and judgment for the plaintiff below.

The Court instructed the jury as follows: "If it has been proved to your satisfaction that the defendant spoke of the plaintiff 'that the plaintiff and defendant and one *Springer*' had set down to gamble in a house in *Greensburg*, *Decatur* county, *Indiana*, and, while they were there,

May Term, 1850.

PRICHARD
v.
LLOYD.

*Springer* took out of his pocket-book a 5 dollar bill and proposed to bet 1 dollar at a time; that after the bill was put down on a chance, it was missing, and search was made for it but it could not be found, whereupon the parties present agreed to submit to a search, which was accordingly made, but the bill was not found; that, after this search, one of the parties proposed to look out of doors for the money, and, accordingly, all of the parties went out of the house to search for it, and near the window they found a pocket-book with the clasp unfastened, and in it was the bill belonging to *Springer* which had been missing; that *Springer* took out the bill and handed the pocket-book to the plaintiff, who took it, and then said, 'boys, don't tell this on me, for if you do it will ruin me,' these words are actionable."

If the foregoing statement is, *per se*, actionable, it is because it imports a charge of larceny. We do not think it, of itself, does so. It might, from the manner of making it and the circumstances under which it was made, have conveyed such a charge and been so understood by those who heard it, and this should have been left to the jury to determine. If the words used amount absolutely to a charge of stealing, then were *Lloyd* on trial for the alleged larceny, proof of the facts rehearsed, there being no other evidence, would necessarily convict him; and, in this case, had *Prichard* put in a plea of justification, alleging that *Lloyd* did steal the 5 dollar bill, and, in support of it, proved the facts stated in the instruction, they must have been held to establish the charge beyond a reasonable doubt, there being no other conflicting evidence in the case to modify their effect. We do not think such could have been the case.

 *Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

 *J. Robinson*, for the plaintiff.

 *A. Davison*, for the defendant.