EVANS *v.* MORTON and Another.

Demurrer was sustained to a plea in abatement, which was as follows: That the writ described the plaintiffs as *Wm. S. T. Morton* and *Laz. Noble,* and not *William S. T. Morton* and *Lazarus Noble,* as stated in the declaration. *Held,* that the demurrer was rightly sustained, if for no reason than that oyer of the writ was not obtained.

*Quære,* whether, if oyer of the writ had been obtained, the variances mentioned in the plea would have been considered material.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Morton* and another against *Evans.* Two counts— the first on a promissory note; the second for money had and received. Plea in abatement; demurrer to the plea; and the demurrer sustained. The plaintiff entered a *nolle prosequi* as to the second count. A default was taken for want of a plea; and final judgment rendered for the plaintiff for the amount of the note.

The only error assigned is the sustaining of the demurrer to the plea in abatement. That plea is as follows: That the writ describes the plaintiffs as *Wm. S. T. Morton* and *Laz. Noble,* and not *William S. T. Morton* and *Lazarus Noble,* as stated in the declaration.

The demurrer to the plea was rightly sustained, on this ground if no other, namely, that oyer of the writ was not obtained. The writ is no part of the record, unless specially made so. *Shields* v. *Cunningham,* 1 Blackf. 86. The *English* practice formerly was, when the defendant wished to plead in abatement of the writ, on account of a variance between the writ and declaration, to procure oyer of the writ. The *English* Courts, however, long since adopted a rule refusing to allow oyer of the writ; and have thus wisely prevented many frivolous objections. 1 Tidd's Pract. 502. We have, heretofore, recognized the practice of granting oyer of the writ when prayed for by the defendant. But the defendant can have no right to take advantage of the variance complained of in this case, until he has obtained oyer of the writ. The law on this

subject is fully stated, and the authorities cited, in *How* v. *McKinney*, 1 McLean's R. 319.

We shall not stop to inquire whether, if oyer of the writ had been obtained, the variances mentioned in the plea would have been considered material.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*J. B. Julian*, for the plaintiff.

*J. S. Newman*, for the defendants.