PROCTOR *v.* OWENS.

The following words spoken of a woman are actionable *per se,* viz: "*Baden* saw or told me that on Sunday, at the Camp Meeting, he either scared or drove *Jane Owens* and a man supposed to be *Jo. Dearmond,* up from behind a log; he and others supposed it to be *Jo. Dearmond;* they broke and run; I (*Baden*) got her parasol and handkerchief, and if any one don't believe me, they can come and see them."

In an action for slander, the Court may, after the trial has been entered upon, permit the plaintiff to amend his complaint, by inserting other words, or correcting those already in the complaint; but not by inserting an entire new set of words, essentially different from those previously alleged, and of themselves constituting a new cause of action.

APPEAL from the *Decatur* Circuit Court.

WORDEN, J.—This was an action for slander by the appellee against the appellant. Trial, verdict, and judgment for the plaintiff.

There was a demurrer sustained to the third paragraph of the defendant's answer. This is assigned for error, but the point is not noticed in the brief of counsel for the appellant, hence it will not be noticed by us. It is claimed, however, that the complaint is bad. The complaint is clearly good, as it charges that the defendant said of the plaintiff, *inter alia,* that she was caught in the very act of adultery.

On the trial, the plaintiff proved that the defendant said of the plaintiff, that "*Baden* saw or told him that on Sunday at the Camp Meeting, he either scared or drove *Jane Owens* and a man supposed to be *Jo. Dearmond* up from behind a log; he and others supposed it to be *Jo. Dearmond;* that they broke and run, and that he (*Baden*) got her parasol and handkerchief, and if any body did not believe him he could come and see them." The plaintiff then asked the witness, by whom the speaking of the words was proven, what he under-

stood the defendant to mean by what he said about the parties being scared up. This question was objected to, but the objection was overruled, and the witness answered, that he understood the defendant to mean, that the parties were caught in the act of sexual intercourse. The admission of the testimony as to the understanding of the witness is relied upon for a reversal. In what cases the jury are to judge of the meaning of the words; and when and for what purposes the understanding of those to whom they are addressed may be proven, are points which we deem it unnecessary here to decide. The following authorities, however, may be cited as having more or less bearing upon these questions *Prichard* v. *Lloyd*, 2 Ind. 154; *Thompson* v. *Grimes*, 5 Ind. 385; *Smawley* v. *Stark*, 9 Ind. 386; *Susman et ux* v. *Ceal*, 10 Ind. 355 and note 2; *Snell* v. *Snow*, 13 Met. 278; *Miller* v. *Butler*, 6 Cush. (Mass.) 71; 2 Greenl. Ev., 8 ed., sec. 417 and note; 2 Starkie on Slander, p. 51; *Justice* v. *Kerlin*, in this Court at the last term; 1 Starkie on Slander, p. 60 and notes.

The words thus proven are, in our opinion, slanderous and actionable *per se*. To be sure adultery is not directly and in terms charged, neither is it necessary that it should be. Thus in *Drummond* v. *Leslie*, 5 Blackf. 453, it was held that if the words were calculated to induce the hearers to suspect that the plaintiff was guilty of the crime, they were actionable. See also 1 Starkie on Slander, 59; so also in *Shields* v. *Cunningham*, 1 Blackf. 86, it was held that a charge that *Dr. Eddy* made an appointment with the plaintiff, scaled the walls and went to bed to her, were actionable. In *Guard* v. *Risk*, 11 Ind. 156, it was held actionable to charge the plaintiff with having slept with *George Vestill* two nights. In neither of these cases was adultery charged, but was left to be inferred from facts that were charged. The inference that adultery was committed was no doubt naturally and correctly drawn

Proctor *v.* Owens.

from the facts charged. So here, if *Baden* scared or drove the parties up from behind a log at a camp-meeting; if they broke and run; and if in the plaintiff's flight and perturbation she left behind her parasol and handkerchief, which fell into the hands of *Baden* as trophies, the conviction naturally and almost irresistibly forces itself upon the mind, that adultery was either committed or about to be committed. At all events, it would cause persons to very strongly *suspect* that such was the case.

The words proven being actionable in themselves, the defendant was not injured by proof that the witness understood them in an actionable sense. Hence we need not decide whether the testimony was admissible, the error, if error was committed, being harmless.

But it is objected that the words proven vary from those charged in the complaint.. There are several sets of words charged in the complaint, some of which are substantially the same as those proven, varying in some slight particulars. The variance might have been cured by an amendment below, within the ruling in *Lister* v. *McNeal* and wife, 12 Ind. 302; and the amendment will be deemed to be made here. 2 R. S. 1852, p. 162, sec. 580.

An instruction of the Court is complained of. The one alluded to is somewhat lengthy, and need not here be set out. It asserts no proposition of law, nor does it take from the jury the consideration of the facts. It might be regarded as a short disquisition on mental philosophy, stating the influence which "extreme piety, bigotry," or self-righteousness, may have upon the minds of some persons in drawing conclusions as to character, from given premises.

But as no legal proposition is asserted, and the case was left fully to the consideration of the jury on the facts, we can not say that any error was committed.

*Per Curiam.*—The judgment is affirmed with costs and one per cent. damages.

*Cumback* and *Bonner,* for the appellant.

*O. B. Hord* and *J. S. Scobey,* for the appellee.