## LEE *v.* ICE.

GUARDIAN AND WARD.—The requirement in the statute that, before any one shall be appointed guardian, he shall file a statement of the ward's estate, is directory only, and failure to file such statement would not of itself render an appointment void.

REMOVAL OF GUARDIAN.—Where a guardian is appointed by the Clerk in vacation, the Court, at its next term, without notice, may remove him and appoint another; but a guardian appointed by the Court in term, or by the Clerk in vacation and afterwards approved by the Court, can not be removed by the Court without notice.

APPEAL from the *Grant* Common Pleas.

DAVISON, J.—This was a proceeding by writ of *habeas corpus.* *Lee* was the plaintiff, and *Ice* the defendant. The

Lee *v.* Ice.

complaint upon which the writ issued alleges, substantially, that the plaintiff is the legal guardian of the person and estate of *Louisa Ball*, minor heir of *James A. Ball*, deceased; that she, *Louisa*, is forcibly restrained of her liberty, and wrongfully withheld from the plaintiff, at *Grant* county, by the defendant, and that he knows of no cause why she should be so restrained and withheld, &c.

Defendant, in his return to the writ, states that the father of *Louisa*, when about to enter the service of the *United States* in the present war, placed her in the custody of defendant and requested him, in case he should not live to return from such service, to retain her and bring her up in his family to womanhood, to which request the defendant agreed and at the time received her into his custody; that the father having died in said service, he, defendant, still retains her in his custody under said agreement. The return further states that defendant retains possession of *Louisa* by letters of guardianship duly issued to him by the Clerk of the *Grant* Common Pleas, on the 8th of *October*, 1863, of which letters a copy is herewith filed, &c.; that he has *Louisa* now in Court, and she is the same person named in the complaint, &c.

Plaintiff demurred to the return; but his demurrer was overruled. He then moved to strike out the return, "so far as it alleges that *Louisa* was given up to defendant by her father in his lifetime;" but this motion was also overruled. He then replied:

1. By a denial.

2. That defendant did not, prior to the time, or at the time, the letters of guardianship were issued to him, or at any other time, file a statement of the whole or any part of the estate of *Louisa*, in the office of the Clerk of said Court, although she was then the owner of real estate of the value of 200 dollars, and personalty worth 190 dollars.

3. That the letters of guardianship were issued by the

Clerk in vacation, and no record thereof was ever made by the Clerk, because, no statement of the estate of *Louisa* having been filed, he regarded the issuing of the letters a nullity.

4. .That on the 9th of *November*, 1863, the same being the first day of the *November* term of said Court, the letters issued to the defendant were revoked, and he was removed from the guardianship, and proper letters were thereupon issued to the plaintiff, who, by virtue thereof, became and now is the regular guardian of *Louisa*, &c.

That branch of the return which alleges, "that the minor was placed in the defendant's custody by her father while in life," constituted no available defence and should have been stricken out. It may, however, be considered mere surplusage, and if, as further alleged in the return, the defendant has the custody of the minor by letters of guardianship duly issued to him, the writ of *habeas corpus* can not be maintained, and the return, the surplusage having been considered as stricken out, constituted a bar to the action; hence the demurrer to the return was correctly overruled. Nor were the matters set up in the second and third replies, or either of them, sufficient to avoid the answer. True, the statute enacts that, "before any person shall be appointed guardian he shall file in the office of the Clerk a statement in writing of the whole estate of the minor and the probable value thereof." 2 R. S., G. & H., p. 565, sec. 4. But this provision is merely directory, and a failure to file such statement before the guardian was appointed would not, of itself, render the appointment void. The guardian, after he has received his letters, may file the statement, and upon his failure to do so the proper Court, having cited him to appear, may annul his letters.

The issues were submitted to the Court, who found for the

Lee *v.* Ice.

defendant, and, having refused a new trial, rendered judg-ment, &c.

The evidence proves, substantially, these facts: *Louis Ball,* the minor, is about three years old, and defendant, on the 8th of *October*, 1863, appeared before the Clerk of the *Grant* Common Pleas, in vacation, and applied for letters of guar-dianship of her person and estate, and having given the bond, and taken the oath as required by law, such letters were issued to him by the Clerk. On the 9th of *November*, 1863, being the first day of the *November* term of that Court, the letters of guardianship issued to the defendant were, by the Court, revoked, and in his stead the plaintiff was appointed guardian, &c. Defendant did not appear to the proceeding in which his letters were revoked, nor was any notice thereof ever served on him, or issued. Were these proofs sufficient to sustain the finding? The appellee contends that the order revoking the letters issued to the defendant, having been made in a proceeding of which he had no notice, was a nul-lity, and, in consequence, he is still the legal guardian of the minor, and she is properly in his custody. We are not in-clined to adopt this position. It is true, there is a provision of the statute which says, that "the Court may at any time remove a guardian, he having five days notice thereof, for neglect of his duties," &c. 2 R. S., G. & H., p. 568, sec. 11. This section, however relates to guardians appointed in open Court, or whose appointments, having been made by the Clerk in vacation, have been confirmed by the Court; and not to a guardian who is the mere appointee of the Clerk, because the Court may, in its discretion, confirm or reject such appointment, at the term next after it is made. *Id.* p. 27, sec. 33; *The State ex rel., &c.* v. *Chrisman,* 2 Ind. 126. Here the defendant, having been appointed in vacation, the Court simply disapproved of the action of the Clerk in grant-ing the letters, by revoking them, and this being the case, the

defendant was not entitled to notice; because he was bound to know that his letters were subject to the approval or rejection of the Court at its *November* term, 1863.

The evidence, in our opinion, is not sufficient to sustain the finding, and the judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Henry S. Kelley,* for the appellant.