Boynton, J.
It has long been the settled law of this state, that words lettered in the presence and hearing of others, imputing to a woman a want of chastity, are, in themselves, actionable. It being their immediate and direct tendency to exclude her from society, and to bring her into disgrace among those who may credit thq charge imputed, thereby producing an injury from which damage necessarily results, a presumption of damage is made to supply the place of actual proof. The plaintiff in error, not doubting the rule thus stated, claims, nevertheless, that the judgment of the district court ought to be reversed upon each of three grounds. First. That the charge laid in the petition does not impute a want of chastity to the defendant in error. Secondly. That it was not made to appear that she' was an unmarried woman; and lastly, that there is a fatal variance between the words laid and the proof received to sustain them. Both courts below were of the opinion that the facts stated in the petition constituted a cause of action, and in that opinion we fully concur. The plain and obvious import of the language, charging the defendant in error with sleeping with John Fox, dtu'ing the night her *111 watch was stolen, was to impute to her illicit intercourse with Fox. No one could hear the language uttered without understanding from it that the person uttering it intended to charge that such intercourse had, in fact, taken place. As was said in Shields v. Cunningham, 1 Blackf. 86, a phraseology more indecent might have been used, but no set of words, however plain and explicit, would have conveyed the idea with more certainty. See Townshend on Slander, Libel, § 172; Guard v. Risk, 11 Ind. 156.
The objection that no testimony was offered, showing, or tending to show, that the plaintiff was an unmarried woman is equally untenable. It is quite immaterial whether she was married or single. It is only important to know that she was not the wife of Fox, and this presumptively appeared from the circumstance that she did not bear his name. If, in the face of this, presumption, and notwithstanding it, it was claimed that she was the wife of Fox, the burden was on the defendant below to establish the fact by proof.
It is finally objected, that there is a fatal variance between the words laid in the petition, and those proved to have been spoken.
If the validity of this objection were to be determined by the rules governing the practice before the adoption of the code, a more difficult question would perhaps arise. The rule at common law required the words to be proved substantially as laid. Numerous cases held, that the same meaning, in different words, would not support the charge. However this may have been under the former practice, the question arising under the objection here made is to be determined by the rules established by the code. Thomas Turney testified, that the defendant below stated in his hearing, of and concerning the plaintiff, that “ the way he, Fox, found the watch, he was in bed with her.”
"Without looking into other parts of the testimony, we think the variance between this language and the words alleged to have been spoken was not such as to justify the court in arresting the cáse from the jury, and in directing a nonsuit. The code provides, that no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice, in maintain *112 ing his action or defense on the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended, upon such terms as may be just. Code,'§ 131.
The court is not authorized, in view of this provision, to determine from hearing the testimony of the witnesses given at the trial, whether the variance is so far material as to have misled the defendant to his prejudice, unless the allegation to which the proof is directed is so far unproved in its general scope and meaning, as to amount to a failure of proof. Code, § 133. Where there is not such failure of proof, in order to invoke the action of the court, it must be shown, not only that the party has been misled to his prejudice, by the variance, but the respect in which he has been misled must also be made to appear to the satisfaction of tlic court.
The court then determines whether it will grant leave to amend or not. If lfeave is granted the trial proceeds, unless a continuance becomes necessary by reason of the amendment. In the present case, it not only was not shown that the defendant below was misled to his prejudice by the supposed variance, but, that he was so misled was not even suggested. Indeed, it is not easily seen how ho could have been misled by a variance so slight. The words proved, as well as those in which the charge was laid, imputed to the plaintiff below a want of chastity. The words proved were slightly variant from those alleged, but they were clearly of the same import and meaning. That the defendant below could have been misled by a difference in phraseology apparently so immaterial, is hardly to be believed.
At all events, in the' absence of any claim, or showing, that the defendant below was misled to his prejudice by the variance, the court was not authorized, to dismiss the action.
It follows, therefore, that there was no error in the judgment of reversal.

Judgment affirmed.