[No. 3457.]

J. P. Brown and others v. The State.

1. Bail Bond — Escrow.— A bond cannot be delivered as an escrow to the obligee, though it may be delivered as an escrow to the principal obligor by a surety.    When delivered to the obligee it is absolute and binding.

2. Same — Scire Facias.— In defense to *scire facias* on a bail bond the sureties answered, in substance, that they executed and delivered the bond to the sheriff on the condition that one B. should become a surety also on the bond, and that the said B. had never become a surety, etc.    Exception to this answer was sustained by the court below.   *Held*, correct.

3. Same — Release.— To *scire facias* on a bail bond the sureties pleaded that the State's attorney had, without their knowledge or consent, agreed with their principal, the defendant, that he need not appear at a preceding term of the court, at which term he did not appear,— that no forfeiture was taken on his non-appearance at that term, and that thereby they were released from further liability as his sureties.   The trial court sustained exceptions to this plea for insufficiency, and this ruling is *held* correct, because the agreement between the State's attorney and defendant was without consideration, and the liability of the sureties was in no wise increased.

4. Citation — Scire Facias.— The requisites of a *scire facias* citation are prescribed by the Code of Procedure, article 645, and it is not required that the citation shall show by what authority the bail bond was taken, nor that it was taken and approved by competent authority.

Appeal from the District Court of Limestone.    Tried below before the Hon. L. D. Bradley.

Appellants were the sureties on the bail bond of one William Duncan, who was indicted for embezzlement.   The bond and the judgment were for the sum of $700.   The opinion of this court discloses all matters germane to the rulings.

*L. J. Farrer* and *Burrow & Kincaid*, for the appellants.   A *scire facias* on a judgment *nisi* forfeiting a bail bond should show by what authority the bond was taken, and it should appear therefrom that the bond was so taken and approved by competent legal authority.   This was a bail bond on which a forfeiture was taken. The *scire facias* does not show that the bond was taken or approved by any one.   There is simply an allegation that a bail bond was entered into by the principal and sureties.   (*Jackson* v. *The State*, 13 Texas, 218; *Cushman* v. *The State*, 38 Texas, 181; *Evans* v. *The State*, 25 Texas, 80; *Brown* v. *The State*, 43 Texas, 349; *Cowan* v. *The State*, 3 Texas Ct. App., 381; *Hendrick* v. *The State*, 3 Texas Ct. App., 571.)

A *scire facias* which fails to recite everything necessary to justify

a final judgment in default of answer is defective. It should state enough to answer the purpose of a petition and writ of citation.

The *scire facias* recites the issuance of a *capias*, but nowhere shows that it was on a legally preferred charge. The fact that the writ is called a *capias* is the only thing from which defendants could infer that an indictment had been presented.

It being necessary that an indictment should be presented in court, it follows that this fact should be alleged in the *scire facias*. This proposition is stated merely as a correlate to the second proposition under this assignment, and the same statement and authorities are referred to.

A bond executed on condition that others sign it is merely an escrow, and if the obligee have notice of the condition it is not valid until the other signatures are obtained.

Appellants alleged that they signed the bond on the express condition that S. A. Bradley should also sign it as a surety; that they were assured that, if they signed, Bradley would sign; also, that they signed with the implied agreement that it was not to be their bond until signed by said Bradley; that the bond was fraudulently delivered to the sheriff in violation of the said agreement and understanding, without Bradley's signature, and without the knowledge or consent of appellants; that the representation was made to them that Bradley would sign as an inducement to get them to sign the bond; that they knew Bradley to be a good and solvent surety, and signed the bond on condition aforesaid; that the party making the representations was acting for the sheriff in getting the bond filled; that the sheriff took and approved the bond without Bradley's signature, with full notice of all the facts as above stated; that appellants did not know of the delivery of the bond without Bradley's signature until after its forfeiture. (*Linn County* v. *Farris*, 14 American Reports, 389; *Pauling* v. *United States*, 4 Cranch, 219; *Duncan* v. *United States*, 7 Peters, 435; *Schuylkill County* v. *Copely*, 5 American Reports, 441; *Kiser* v. *The State*, 13 Texas Ct. App., 201.)

A bail bond which binds the principal to appear at a term stated, and from day to day and term to term until discharged by due course of law, binds the party to appear at the term named, and to each and every term thereafter in regular succession in the course of business, and the State cannot, without the consent of the sureties, dispense, by agreement with the principal, with the principal's appearance at one term, and then hold the sureties bound for his appearance at another term.

Appellants alleged that they were bound for the appearance of their principal at each and every term of court in due succession in the regular order of business, and that the county attorney agreed with their principal that he need not appear at the October term of court, 1883. That said principal, in consequence of said agreement, failed to appear at said term, and was wholly in default, and the State, on its own motion, continued the cause in the absence of the principal. That the State failed to take a forfeiture at said term, notwithstanding the default aforesaid, but waited until the next ensuing term and then took a forfeiture. They alleged that this increased their liability as securities, and that it was done without their knowledge or consent. (*Reese* v. *United States*, 9 Wallace, 13; Bishop's Criminal Procedure, sec. 264f, and sec. 264g.)

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. I. The rules of law relating to an escrow do not apply to bonds. A bond cannot be delivered to the obligee, or to one of several obligees, as an escrow. (*Moss* v. *Riddle*, 5 Cranch, 351; *Blume* v. *Bowman*, 2 Ired. L. (N. C.), 338; *State* v. *Chrisman*, 2 Ind., 126; *Perry* v. *Patterson*, 5 Humph. (Tenn.), 133.) It may be delivered as an escrow to the principal obligor by a surety (*Pauling* v. *The United States*, 4 Cranch, 219), but when delivered to the obligee it is absolute and binding from the date of such delivery. In this case the plea of defendants shows that the bond was executed by them and delivered to the sheriff, the agent of the State of Texas, the obligee therein. The facts set forth in the plea presented no legal defense against the bond, and the court did not err in sustaining exceptions to it.

II. Another special plea, interposed by the sureties, was that, at the term of the court next before the forfeiture of the bond, the cause had been continued at the instance of the county attorney, in pursuance of an agreement made by said county attorney, with the principal obligor in the bond, that said principal need not appear at said term of the court. They contend that this agreement, and the action in pursuance thereof, were without their knowledge or consent; that it increased their risk as sureties upon said bond, and that they were thereby discharged from further liability upon said bond. They further contend that, as the principal in the bond failed to appear at the preceding term of the court, the forfeiture should then have been taken, and, not having then been taken, could not be legally entered at a subsequent term.

A bail bond is construed to bind the defendant and his sureties for his attendance upon the court from term to term and from day to day, until discharged from further liability thereon according to law. (Code Crim. Proc., art. 290; *Pickett et al.* v. *The State*, 16 Texas Ct. App., 648.) And it has been decided by this court that a forfeiture upon such a bond may be taken at any time before the obligation is barred by the statute of limitations. (*Hill et al.* v. *The State*, 15 Texas Ct. App., 530.)

We do not think the agreement between the county attorney and the defendant, although made without the knowledge and consent of the sureties, had the effect to discharge them from further liability on the bond. It was but the giving of further time to the principal obligor to perform his obligation, and was not founded upon any consideration, and not, therefore, binding. (*Burke* v. *Cruger*, 8 Texas, 71; White & Willson's Cond. Rep., § 1245.) We do not think the court erred in sustaining exceptions to appellant's special plea claiming release from further liability upon the bond.

III. It is not required that the citation to the sureties should show by what authority the bail bond was taken, or that it should appear therefrom that such bond was taken and approved by competent legal authority. The requisites of such citation are now prescribed by statute (Code Crim. Proc., art. 443), and the citations in this case contain all the statutory requisites. The court did not err in overruling the exceptions made to the citations.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

[Opinion delivered June 3, 1885.]