## RUBLE v. BUNTING.

[No. 4,518.   Filed November 24, 1903.]

SLANDER.—*Charge of Forgery.*—A charge of forgery is slanderous *per se*, and a complaint for slander in charging the forgery of a check is sufficient if the words used were calculated to cause the hearer to suspect that plaintiff was guilty of the crime.   *p. 656.*

SAME.—*Instruction.*—In an action for slander in charging plaintiff with the forgery of a check, the place where the check was cashed was not of the essence of the charge, and it was not error to omit same from an instruction purporting to state the material averments of the complaint.   *pp. 657, 658.*

SAME —*Evidence.*—In an action for slander in charging the forgery of a check, no error was committed in permitting plaintiff to give in evidence the check concerning which the charge of forgery was made, and to testify concerning it.   *p 659.*

From Knox Circuit Court; *O. H. Cobb*, Judge.

Action by John M. Bunting against Samuel P. Ruble. From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*B. M. Willoughby* and *J. M. House*, for appellant.
*W. A. Cullop* and *G. W. Shaw*, for appellee.

COMSTOCK, J.—Appellee (plaintiff below) brought this action against appellant for slander.   The complaint was in four paragraphs.   The trial was had on the second.   The answer thereto was a general denial.   A trial resulted in a verdict and judgment for appellee for $1,000.

The assignment of errors questions the sufficiency of the said second paragraph and the action of the court in overruling appellant's motion for a new trial.

The paragraph in question, as originally certified in the transcript by the clerk of the Knox Circuit Court, is as follows: "The plaintiff, further complaining of the defendant, says: That he has heretofore borne a good name for honesty and integrity, and that the same was never questioned prior to the grievance hereinafter mentioned;

that on the —— day of October, 1901, in a certain conversation had and held with one James Sanders at the county of Knox in the State of Indiana, the defendant did speak of and concerning the plaintiff maliciously and falsely and following defamatory manner, to wit: Said Sanders spoke to said defendant and said, 'Bunting cashed that seven hundred dollar check which you gave him at Petersburg, and said Ruble then said he (the plaintiff meaning) had no check on me for $700 or any other sum, and never did have one, and if he did have and cashed it he forged it'—thereby charging the plaintiff and intending to charge him with the crime of forgery, and that said Sanders so understood in said conversation that said Ruble was charging and intending to charge the plaintiff with the forgery of a check for $700; that said defendant then and there knew that on the 19th day of December, 1892, he had given a check for $700, payable to the plaintiff, on the First National Bank of Vincennes, Indiana, and that the same had been by said bank paid, and that the said defendant then and there knew that he was charging the plaintiff with the crime of forgery, and that said Sanders so understood him to be charging the plaintiff with the forgery of the check aforesaid; that on account of the defendant using said false and defamatory language aforesaid, he has suffered greatly in his reputation for honesty and integrity, has been damaged in his business, has been greatly humiliated, has suffered both in mind and body, and damaged in the sum of $5,000." The paragraph was incorrectly certified. Upon proper application the phrase "following defamatory manner" was changed to "following defamatory matter."

Appellant designates as a defect in the complaint that it does not allege that the slanderous words were either spoken, published, or written by the defendant; the allegation is that the defendant spoke "of and concerning the plaintiff, maliciously and falsely and following defama-

tory manner, to wit." In other words, that it does not
purport to give the slanderous words, but only the manner
in which they were spoken. The language quoted origin-
ally appeared in the transcript. As corrected, the objec-
tion does not apply.

The other objection to the paragraph is that whatever
was said by the defendant was said in reference to a check
for $700 alleged to have been given by Ruble to Bunting,
at Petersburg; and that the complaint should also allege
that the defendant at some time gave the plaintiff a check
for $700 at Petersburg, without such averment the charge
could not have been slanderous. The charge is that the
check was given on the First National Bank of Vincennes.
The place where given is not charged, nor is it material.
The controlling facts were that it was given and the cir-
cumstances and the conditions set out and the charges made
were with reference to it. The gist of the charge is that
appellee forged a check for $700 on the First National
Bank of Vincennes, Indiana, in the name of the appellant.

A charge of forgery is slanderous *per se*. Section 375
Burns 1901 provides: "In an action for libel or slander
it shall be sufficient to state, generally, that the defama-
tory matter was published or spoken of the plaintiff; and
if the allegation be denied, the plaintiff must prove, on
the trial, the facts, showing that the defamatory matter
was published or spoken of him." A strict affirmative
charge of forgery is not necessary. If the words used are
calculated to cause the hearer to suspect that the plaintiff
was guilty of the crime, they are actionable. *Drummond
v. Leslie,* 5 Blackf. 452; *Seller* v. *Jenkins,* 97 Ind. 430;
*DePew* v. *Robinson,* 95 Ind. 109, 111; *Branstetter* v. *Dor-
rough,* 81 Ind. 527, 529; *Hotchkiss* v. *Olmstead,* 37 Ind.
74, 82; *O'Conner* v. *O'Conner,* 24 Ind. 218, 221; *Harri-
son* v. *Findley,* 23 Ind. 265, 271, 85 Am. Dec. 456; *Proc-
tor* v. *Owens,* 18 Ind. 21, 22, 81 Am. Dec. 341.

Appellant claims that the verdict is not sustained by

sufficient evidence, upon the ground that it wholly fails to show that the said slanderous words were spoken to James Sanders. To quote from appellant's brief: "James Sanders does not say that the words were addressed to him, or spoken in a conversation with him." The record shows that James Sanders, being recalled as a witness, testified as follows: "Were you at the trial between Bunting and Ruble? A. Yes, sir. Did you see John T. Goodman and S. P. Ruble in the side room in the court-house that day? Yes, sir. Did you have a conversation with S. P. Ruble in the side room that day? A. Yes, sir. You may state what he said to you concerning John M. Bunting and the $700 check there. A. Well, as well as I can recollect on the subject, him and Mr. Bunting was in a quarrel or quarreling in there. Go on and state what he said to you on that subject. A. Well, there was two or three in there, and he says if Bunting ever had a check on him for $700 he forged it. Who else was in the room at that time? A. John T. Goodman. Anybody else? A. Tom Bunting. That was on the day of the trial between S. P. Ruble and the Buntings in January, 1901? A. Yes, sir, in the evening about 3 or 4 o'clock, on the day of the trial. Where did it occur? A. In this cloakroom out here [indicating]." His testimony was corroborated by that of John T. Goodman and Thomas Bunting.

Complaint is made of instruction number four given by the court of its own motion, upon the ground that it does not correctly state the issues formed on said second paragraph. Said instruction is as follows: "The said second paragraph of plaintiff's complaint substantially avers that the defendant falsely and maliciously slandered plaintiff by saying of and concerning him, to one James Sanders, that he (the plaintiff Bunting meaning) had no check on him (Ruble) for $700 or any other sum, and never did have one, and, if he did have and cashed it, he forged it, when in fact said defendant had given said plaintiff a

check for $700 on the First National Bank of Vincennes, Indiana, and that said bank had paid said check, and that plaintiff on account thereof suffered greatly in his reputation for honesty and integrity, and has been greatly humiliated thereby, and suffered in mind and body, and thereby has been damaged in the sum of $5,000." It is argued that as the complaint charges the speaking of the words in reference to a check given by the defendant at Petersburg, and the instruction states the allegations of said paragraph were in reference to a check given on the First National Bank of Vincennes, the issues were not fully and correctly stated. The objection to the instruction can not be sustained. The charge was forging a check on the First National Bank of Vincennes. Appellant said that he had given no such check, and if the appellee had such check he had forged it. Where the check was cashed was not of the essence of the charge.

Instruction number two, given at the request of appellee, is claimed to be erroneous, because, while undertaking to set out the material facts necessary to maintain the action, it does not set out all of them. The instruction makes no reference to the fact that the alleged slanderous words were spoken concerning a check alleged to have been given by the defendant to the plaintiff at Petersburg. Said paragraph may fairly bear the construction of charging that the check was cashed at Petersburg.

The third, fourth, fifth, and sixth instructions, given at the request of the plaintiff, are objected to as each assuming that the fact of the existence of and the giving of a certain check for $700 was established. The language of said third instruction is: "In determining whether the said defendant Ruble said to James Sanders that the plaintiff forged the seven hundred dollar check you may take into consideration the testimony of other persons, if any such there were who were present at the time and heard what was said, if the evidence shows any-

Ruble *v.* Bunting.

thing was said." The fourth, fifth, and sixth each began: "If you find from the evidence that the defendant," etc.

The court permitted plaintiff to give in evidence the check dated December 19, 1892, on the First National Bank of Vincennes, signed by S. P. Ruble, and payable to John M. Bunting, and to testify concerning the check. It was the check concerning which the charge of forgery was made, the check which the appellant said that he had never given the appellee. It had been cashed at Petersburg by appellee, and sent from Petersburg to Vincennes for collection. Appellant admitted its execution after its introduction in evidence. The evidence was proper.

The court permitted the plaintiff, over the objection of the appellant, to introduce the record entry of a judgment in the case of Ruble (appellant here) v. John and Thomas S. Bunting. The giving of the check was incident to a partnership matter with which the appellee and appellant were concerned in 1892. In 1901 a trial was had in which Ruble was plaintiff and the Buntings were defendants, and judgment was rendered in appellant's favor. The subject of the check came up in evidence, and Ruble denied having given it. On the day of the trial, in the cloakroom of the court-house (heretofore referred to by witness), the appellant first made, as claimed, the charge of forgery. A number of witnesses testified in the case at bar concerning the testimony of Ruble in the former trial. The introduction of the record of this judgment is the one of which appellant complains. The record entry of the judgment would be competent, at least, to show the date. It was not error to admit it for that purpose. For any other purpose it was immaterial, but we can not say that it was harmful. There was no error in permitting proof of appellant's testimony, on the former trial, denying the giving of the check.

We find no error for which the judgment should be reversed. Judgment affirmed.