ROLLINSON (UNITED STATES v.). See Case No. 16,191.

ROLLO (DRAKE v.). See Case No. 4,066.

ROLLO (HITCHCOCK v.). See Cases Nos. · 6,535 and 6,536.

ROLLSTONE MACH. WORKS (WHITNEY v.). See Case No. 17,596.

———

## Case No. 12,028.

### ROMAYNE v. DUANE et al.

[3 Wash. C. C. 246.] [1]

Circuit Court, D. Pennsylvania. April Term, 1814.

LIBEL — CHARACTER — JUSTIFICATION — MITIGATION OF DAMAGES — EVIDENCE — RECEIPT.

1. The contents of a receipt, said to have been signed by one of the defendants, or the manner of signing it, cannot be given in evidence—the receipt should be produced.

2. Character being put in issue in this cause, the plaintiff may give evidence of his character, before it is attacked by the defendants.
[Cited in Press Pub. Co. v. McDonald, 63 Fed. 243, 11 C. C. A. 155.]
[Cited in Downey v. Dillon, 52 Ind. 453. Disapproved in Hitchcock v. Moore, 70 Mich. 114, 37 N. W. 916.]

3. No man is at liberty to trifle with the character of another, by publishing charges against him, calculated to bring him into general contempt, and then justify himself by stating his authority, and proving the statement.
[Cited in McDonald v. Woodruff, Case No. 8,-770.]

4. Evidence that the charge was taken from the journals of congress, and thus showing that the publishers are not the authors of the scandal, may be given in mitigation of damages.
[Cited in McDonald v. Woodruff, Case No. 8,-770.]

Action for a libel, published in the Aurora, which charged the plaintiff with being a conspirator, and recorded as such on the journals of congress. Plea, not guilty, with leave to justify. William Duane admitted himself to be the editor of the Aurora. The other defendant did not; and in order to prove that he was concerned· in the paper, the plaintiff asked one of his witnesses, if he had not seen William J. Duane sign receipts in the name of himself and Wm. Duane. THE COURT decided, that the witness could not be allowed to state any part of the contents of a receipt, or the manner of signing it—the receipt itself ought to have been produced. THE COURT also decided, that in this case, character being put in issue, the plaintiff might give evidence of his character before the defendants had attacked it. See 2 Esp. N. P. 112; 3 Mass. 546; 1 Johns. ·46.

Another question was, whether the defendants could give the journals of congress in evidence, to support their plea of justification? If not, it was contended that they might do so in mitigation of damages, on the general issue. In favour of the motion, was cited 1 Bin. 85, 96; against it, 2 Strange, 1200; Willes, 20.

BY THE COURT. The substantial matter in issue, is the scandal published against the plaintiff, and not the authority from whom or whence it was obtained. No man is at liberty to trifle with the repose of another, by publishing to the world charges against his character, which are calculated to bring him into general contempt, and then justify himself, by stating his authority, and proving the statement. The evidence may be given in mitigation of damages, by showing that the publishers were not the authors of the scandal.

A juror was withdrawn, in consequence of the sudden illness of one of the defendants' counsel.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the· supervision of Richard Peters, Jr., ·Esq.]