Blackford, J.
Slander. The declaration contains five-counts.
First count. James 8. Stanley was attached to answer Jonathan Jtioket and Mary his wife of a plea of, &c. For that whereas, <&c., in a conversation which the defendant had with, one Nelson Griffith, oí and concerning the said Mary and her character for chastity, the defendant falsely, &c., spoke and published of and concerning the said Mary and her character for chastity, these false, &c., words, viz., “ Have you (meaning said Griffith) heard that John Loomis was hunting up a story that was in circulation about Culbertson (meaning one William Culbertson) and Mary Richet (meaning said Mary Richet) being seen in the woods together? If they want to know who raised the story, if they come to me I will tell them, for I saw them in the woods together myself north of the swamp, back of my field near the hay road.” Thereby meaning and intending that she, the said Mary, had been and there was guilty of adultery and illicit intercourse with said Culbertson.
Second count. . And afterwards in a certain other discourse,, which the defendant had with one William Moore, of and concerning the said Mary and her character for chastity, the defendant falsely, &c., spoke and published of and concerning the said Mary and her character for chastity, these other false, &c., words, viz., “ If you (meaning said Moore) had seen what *181 I have seen, you would feel satisfied in your mind.” Thereby meaning, Ac., (as stated in the first count.)
Third count. And afterwards, in a certain other discourse, which the defendant had with one Michael Knight, of and concerning said Oulbertson and said Mary and her character *for chastity, the defendant falsely, Ac., spoke and published of and concerning the said Mary and her' character for chastity, these other false, Ac., words, viz.: “God knows and I know that they are intimate,” (meaning said Culbertson and said Mary.) “They (meaning said Culbertson and said Mary) are intimate, God knows and I know.” Thereby meaning, Ac., (as stated in the first count.)
The fourth count is similar to the first; and the fifth is similar to the second, except that it does not allege the discourse with Moore to have been of and concerning the wife’s character for chastity, nor that the words were spoken of and concerning her character for chastity.
Pleas, 1, The general issue. 2, To the first count; that before the speaking, Ac., the defendant saw said Mary and said Culbertson in the woods together north of the swamp, back •of defendant’s field and near the hay road; wherefore the defendant spoke, &c. 3, Aetio non; that before the speaking, Ac., and before said Mary’s marriage, she was delivered of a bastard child; wherefore the defendant spoke, Ac. 4, Actio non; that before the speaking, Ac., said Mary was guilty of adultery and illicit intercourse with the said Culbertson; wherefore the defendant spoke, Ac. 5, Actio non; that before the speaking, Ac., said Mary was guilty of adultery and illicit intercourse with one Lowry Fisher; wherefore the defendant spoke, Ac.
Replications in denial of the fourth and fifth pleas. *
On the trial, the Court, at the defendant’s request, charged the jury, in substance, as follows: 1, That the plaintiffs, in this case, can not recover without proof of .their marriage. 2, That the words charged in the declaration are not actionable, unless spoken in a conversation about the wife’s character for chastity. 3, That the plaintiffs must prove the speaking of the *182 words, notwithstanding the admission of the special pleas, the general issue being filed.
Verdict and judgment for the defendant.
We consider the first instruction to the jury to be erroneous. The character in which the plaintiffs sue, viz., that of husband and wife, is admitted by the pleas. Dickenson et ux. *v. Davis, 1 Strange, 480; 2 Starkie’s Ev., 388; Peake’s Ev., 329; Coombs et ux. v. Williams, 15 Mass., 243.
The second instruction is correct. The words alleged to have been spoken, taken by themselves, do not sustain the innuenao inserted in each count, viz., that the defendant thereby meant that the wife had been guilty of adultery with Culbertson; neither is there any introductory allegation which, independently of the colloquium about the wife’s character for chastity, would show that such Avas the meaning of the defendant by the words charged to have been spoken. It is that colloquium, inserted in the first four counts, AA'hich makes the words in those counts actionable, and the plaintiffs Avere consequently bound to prove it.
The third instruction is right. The plaintiff was obliged to prove his cause of action under the general issue, in the same maimer as if no other plea had been filed. This point is so decided by this Court in Wheeler v. Robb, 1 Blackf., 330, and in Arnold v. Sturges, November term, 1839.
The second plea, Avhieh is to the first count, is substantially bad. The cause of action described in that count is not the mere speaking of the Avords charged, and, of course, it can not be justified by merely alleging that the words are true. The count alleges that the defendant meant, by the Avords spoken, that the Avife had committed adultery with Culbertson; and it sIioavs, as it was necessary it should, that such was the defendant’s meaning. The plea necessarily admits the words to have been spoken in the sense ascribed to them in the declaration, and it must therefore aver them to be, in that sense, true. There is no such averment here, and the plea is therefore defective.
The third and fifth pleas are insufficient. That the wife had *183 been delivered of a bastard child, or that she had been guilty of adultery with Fisher, could be no justification to the defendant for charging her with having committed adultery with Culbertson, which is the charge complained of in all the counts.
J. B. Howe, for the appellants.
I). H. Colerieh, W. H. Coombs, and T. Johnson, for the appellee.
The fourth plea is unobjectionable, except that it ought not to have been pleaded to the fifth count; that count being *bad, as appears from what we have said respecting the second instruction given to the jury.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.