May Term, 1844.

Hays v. Mitchell.

</div>

---

## Hays and Wife *v.* Mitchell and Wife.

The words, "You hooked my geese," are not actionable in themselves.
Words not actionable in themselves may express a criminal charge, by reason of their allusion to some extrinsic fact, or of their being used and understood in a different sense from their natural meaning, and thus become actionable.
An *innuendo* cannot change the ordinary meaning of language.

ERROR to the *Bartholomew* Circuit Court.

Dewey, J.—Slander by *Mitchell* and wife against *Hays* and wife. Among the words laid in the declaration are the following : "You hooked my geese," *innuendo,* that the wife of *Mitchell* had stolen defendant's geese. Plea, general issue ; verdict and judgment for the plaintiffs.

The Court charged the jury, in substance, that the above words were actionable in themselves, and, if proved, would sustain the action, unless it appeared from all the circumstances of the case they were spoken in an innocent sense.

We think this instruction was erroneous. The common and ordinary meaning of the word "hook" is not *steal;* nor does its connection with the rest of the sentence naturally give it that signification or any other criminal meaning. Words not actionable in themselves may express a criminal charge by reason of their allusion to some extrinsic fact, or in consequence of being used and understood in a particular sense different from their natural meaning, and thus become actionable. And when such is the case, it is as necessary to

<div style="text-align:right">

7b 117
154 320

Thursday, May 30.

</div>

May Term,
1844.

HAYS
v.
MITCHELL.

prove the extrinsic fact, or the particular and offensive sense in which the words were used, as it is to establish the words themselves. The charge of the Court was a violation of this principle.

The declaration in this cause is not so framed as to make the words stated a good cause of action. Something more than an *innuendo* was necessary for that purpose. An *innuendo* cannot aver a fact, or change the natural meaning of language. There should have been a prefatory allegation of some extrinsic matter, or an explanation of the particular and criminal meaning of the words. This introductory matter having been stated, the *colloquium* should have connected with it the speaking of the words complained of, leaving to the *innuendo* its proper office of giving to those words that construction which they bore in reference to the extrinsic fact, or explanation of their particular meaning. In slander for words not actionable in themselves, the inducement in the declaration showing their actionable character should, of course, conform to the truth of the facts. If a crime has really been committed, and the words sued for were spoken in reference to it, that matter should be averred. *Linville* v. *Earlywine*, 4 Blackf. 469. Or if the defendant has been in the practice of using the words to express the commission of a crime, that fact should be alleged. *Goldstein* v. *Foss et al.* 4 Bing. 489.—*Angle* v. *Alexander*, 7 *id.* 119. Or if a word or phrase has a particular and criminal meaning different from its ordinary import, and was used in its opprobious sense by the defendant, those facts should appear. *Forbes* v. *King*, 1 Dowl. P. C. 672.—2 Chitt. Pr. 549, n. y.—*Day* v. *Robinson*, 1 Adol. & E. 554.—4 N. & M. 884. It is usual to state such and similar matters in a distinct allegation; but they may be incorporated into the *colloquium*. *Ricket et ux.* v. *Stanley*, 6 Blackf. 169.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Brown* and *A. A. Hammond*, for the plaintiffs.

*W. W. Wick* and *H. H. Barbour*, for the defendants.