## COOMBS *v.* ROSE.

The following written charge was published by *E. R.* : "Charge 4th. Refusing to correct *George C.* in his statement as a witness before Esq. *B.*, when I believe he, *J. C.*, knew his, *George's*, statement was not true." *Held*, that this writing, when shown by proper *innuendoes* to have been applied by *E. R.* to the testimony of *George C.* on the trial of a certain cause, was a libel by the writer on *George C.*

Words spoken or written in the regular course of church discipline to or of members of the church, are, as among the members themselves, privileged

May Term,
1846.

COOMBS
v.
ROSE.

Saturday,
July 18.

communications, and not actionable unless express malice in the speaker or writer be proved.

But an accusation made by a member of a church, on such occasion, against a person *not* a member, is *not*, as to him, a privileged communication.

ERROR to the *Union* Circuit Court.

DEWEY, J.—This was an action' for a libel by *George Coombs* against *Rose.* The declaration contains an averment that an action, wherein the defendant, *Rose,* and one *Crouch* were the plaintiffs, and one *Isaac Coombs* was the defendant, had been tried before a justice of the peace; that the plaintiff had been a witness for the defendant on the trial, and had given testimony as to a material point. The declaration also alleges that, in reference to that trial and the testimony given therein by the plaintiff, the defendant composed and published the following libel: "Charge 4th. Refusing to correct *George Coombs* in his statement as a witness before Esq. *Brown,* when I believe he, *Isaac Coombs,* knew his, *George's,* statement was not true." This language is shown, by the proper *innuendoes,* to have been applied by the defendant to the plaintiff in reference to the testimony given by him on the trial above mentioned.

The defendant pleaded the general issue and a special plea. The latter is, that the defendant and *Isaac Coombs* were members of the *Methodist Episcopal Church* in, &c., and that the defendant, according to the rules of the church, preferred charges against *Isaac Coombs,* as a member, "for the purpose—and in good faith—of having the same investigated according to the rules of the church, deeming the same was necessary to sustain the character of the church;" and that the supposed libel was one of the charges so made against *Isaac Coombs;* wherefore the defendant "did not maliciously publish the same."

There was a general demurrer to the special plea, and joinder in demurrer.

The Court, deeming the declaration to be bad, rendered a judgment against the plaintiff.

We think the Court was mistaken in supposing the declaration to be insufficient. The publication complained of, as applied to the testimony of the plaintiff in the trial of a cause, indirectly charges him with false swearing. This is not only

May .Term,
1846.

COOMBS
v.
ROSE.

a strong imputation of his moral character, but it is virtually charging him with the commission of a crime; and unexplained is clearly libellous.

It remains to inquire, however, whether the special plea is a bar to the action?

It is contended that the occasion of making the publication complained of shows that it was a privileged communication, and rebuts the *prima facie* malice inferible from the language used. We have no doubt that words spoken or written, in the regular course of church discipline, to or of members of the church, have, as among the members themselves, very properly been held to be privileged communications, and not actionable unless express malice be shown in the speaker or publisher. *The King* v. *Hart*, 1 Blacks. 386.—*Jarvis* v. *Hatheway*, 3 Johns. 180.—*Remington* v. *Congdon et al.*, 2 Pick. 310. But, with a good deal of hesitation, we have come to the conclusion that it is not proper to extend the protection to a member of the church, when, on such an occasion, he implicates the character of a stranger to the rules of the church, who is not amenable to its authority, and who has no opportunity to repel an opprobrious accusation before the tribunal which is to try it. We are aware that the restriction of the privilege to actions between the members of a church, may sometimes embarrass the enforcement of wholesome rules of discipline; but it is equally obvious, that to extend it beyond such actions may sometimes occasion irreparable injury to the character of innocent persons. On the whole, we think that an accusation made by a member of a church, in the regular course of church discipline, against a person not a member, cannot, as to him, be considered as a privileged communication.

The special plea being no bar to the action, the judgment should have been for the plaintiff.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Sleith* and *J. Ryman*, for the plaintiff.

*C. H. Test*, for the defendant.