That the existence and continuance of the old banks until the 1st of *March*, 1857, is specifically provided for in this section, no one can dispute. But if the act of 1855 repealed their organic law (of 1852), they terminated at once; which latter hypothesis is utterly inconsistent with the former.

The conclusion is, therefore, that this bank still exists as a bank of deposit and discount, with power to retire the remainder of its circulation, and liable to have its stocks sold for that purpose, on failure to redeem its notes.

---

## LISTER *v.* McNEAL and Wife.

In an action for slander, the Court may, in its discretion, after the jury is impanneled, permit the plaintiff to amend his complaint, by inserting a new set of words; or by striking out part of a set of the words originally charged therein, to have been spoken.

APPEAL from the *Tipton* Circuit Court.

DAVISON, J.—*Delilah Chapman* brought an action against *Daniel Lister* for slander. Pending the suit, the plaintiff intermarried with *William McNeal*, who, on motion, with his wife, was made a joint plaintiff.

The complaint, after alleging an appropriate colloquium, avers that the defendant, on, &c., at, &c., falsely, &c., spoke and published, of and concerning the plaintiff, these words: "Old *Jane White* caught *Elzey White* and the girl, *Lile Chapman* (meaning the plaintiff, *Delilah*), in the barn at the thing itself;"—"*Jane White* caught *Elzey White* and *Delilah Chapman* at the thing itself;"—thereby meaning, &c.

Defendant answered in three paragraphs, to which the plaintiff replied. Demurrer to the replies overruled.

The issues were submitted to a jury, who found for the plaintiff; and the Court, having refused a new trial, rendered judgment, &c.

In a bill of exceptions, it is alleged that, after the jury were impanneled, the Court, the defendant objecting, permitted the plaintiff to amend his complaint by inserting

therein the following: "*George Dean* said old *Jane White* caught *Elzey White* and the girl (meaning the plaintiff, *Delilah*), in the barn at the very thing itself." And fur- ther, after the evidence and arguments of counsel had been submitted to the jury, the Court, over the defendant's ob- jection, allowed the plaintiff to amend by striking out, from the first alleged set of words, the words "*Lile Chap- man*," and inserting in lieu thereof the words "the girl, (meaning the plaintiff, *Delilah*)."

It is enacted that "the Court may, at any time, in its discretion, and upon such terms as may be deemed proper, direct the name of a party to be added or struck out; a mistake in name, &c., to be corrected; any material alle- gation to be inserted, struck out, or modified; to conform the pleadings to the facts proved; when the amendment does not substantially change the claim or defense." 2 R. S. p. 48, § 99.

Neither amendment seems to have constituted any ma- terial change in the plaintiff's cause of action. The first merely adds the words "*George Dean* said;" and the sec- ond simply strikes out the words "*Lile Chapman.*" Both, in our opinion, are plainly within the discretionary power conferred on the Court by the statutory rule of practice to which we have referred. 9 Ind. R. 554. And the ruling of the Court must, therefore, be sustained.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*W. Garver* and *J. E. Lewis*, for the appellant.

*J. Green*, for the appellees.