## SHIGLEY *v*. SNYDER.

SLANDER.—*Pleading.*—*Provincial Meaning of Words.*—In an action of slan- der, a complaint alleging that the words used had a provincial meaning in the neighborhood where they were spoken, and alleging what they meant and were understood to mean, showing that the words, as they meant and were:

·understood, charged that the plaintiff had been guilty of bestiality with a sow, sufficiently showed the words to be actionable.

From the White Circuit Court.

*E. Hughes, C. H. Test,* and *D. V. Burns,* for appellant.

· *J. H. Matlock, S. A. Huff,* and *B. W. Langdon,* for appellee.

OSBORN, J.—This was an action of slander by the appellee against the appellant. The complaint was in seven paragraphs. Each paragraph averred that the appellant had charged the appellee with having sexual intercourse with a sow. The language used does not impute the charge, but it is alleged that it has a provincial meaning where it was used, and that it meant and was understood to mean that the appellee had been guilty of bestiality with a sow.

Separate demurrers were filed to the first six paragraphs of the complaint, which were overruled, and exceptions taken. An answer of general denial was then filed to the whole complaint. The cause was tried by a jury resulting in a verdict for the appellee, and assessing his damages at nine hundred dollars, and over a motion for a new trial, judgment was rendered on the verdict.

The errors assigned are in overruling the motion for a new trial, and in overruling the demurrer to the second paragraph of the complaint.

The judgment was rendered on the 17th day of June, 1872, when the defendant was allowed sixty days within which to complete and file his bill of exceptions. The record shows that the bill of exceptions was filed on the 6th of September of the same year, which was at least eighty days after the rendition of the judgment. No question could arise in this court on the motion for a new trial without a bill of exceptions. Consequently, the alleged error in overruling that motion is not available.

The allegation that the words used had a provincial meaning in the neighborhood where they were spoken, and that they meant and were understood to mean that the appellee had been guilty of sexual intercourse with a sow, was suffi-

cient. *Hays* v. *Mitchell*, 7 Blackf. 117; *Rodebaugh* v. *Hollingsworth*, 6 Ind. 339; *Miles* v. *Vanhorn*, 17 Ind. 245; *Ausman* v. *Veal*, 10 Ind. 355.

The judgment of the said White Circuit Court is affirmed, with costs and three per cent. damages.