## DOWNEY *v*. DILLON.

SLANDER. — LIBEL. — *Perjury.* — *Pleading.* — A charge of perjury, to be actionable, need not set forth the particulars of the supposed crime with the certainty required in an indictment for that offence.

SAME.—*Pleading.*—A charge of false swearing in testimony given on a trial before a competent tribunal—as a circuit court—is actionable, and the materiality of the testimony will be presumed, and need not be averred in a complaint for libel or slander.

SAME.—*Answer.—Practice.*—An answer to a complaint for libel, based on a charge of perjury, which contains no defence except a denial of malice, may be struck out where an answer of general denial is filed.

SAME.—*Justification.—Practice.*—An answer in justification of a libel imput-

ing perjury, which relies upon the truth of the words published, but does not aver that the words were true in the sense imputed to them in the complaint, is bad.

SAME.—An answer in justification of an alleged slander charging perjury in testimony given on a trial, which sets out, as material, testimony given by the plaintiff on such trial, and alleges it to have been false, but does not allege that it was known to the witness to be false, or that it was wilfully and corruptly given, is bad on demurrer; such answer must allege facts sufficient to constitute the crime of perjury.

SAME.—*Evidence.*—On the trial of an action of libel based on a charge imputing perjury, evidence that the defendant had always before the publication directed his son to treat the plaintiff kindly is inadmissible, as not being confined to a period near the publication. It is incompetent, on such trial, to prove that the testimony on the trial wherein the perjury is alleged to have been committed was commented on by the jury in that case.

SAME.—*Evidence of General Character.*—In an action of slander or libel based on a charge imputing a crime, where there is an answer of justification with evidence on the trial to sustain it, the plaintiff may prove his general character in rebuttal.

From the Wabash Circuit Court.

*C. Cowgill, M. H. Kidd* and *C. E. Cowgill,* for appellant.

*J. D. Conner,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellant. The complaint was in two paragraphs, the first counting upon a libel, and the second upon a verbal slander. Demurrer to each paragraph for want of sufficient facts overruled, and exception. Answer, issue, trial by jury, verdict and judgment for the plaintiff.

The errors assigned are:

1 and 2. The overruling of the demurrers to each paragraph of the complaint.

3 and 4. The striking out of the second and ninth paragraphs of the answer.

5 and 6. The sustaining of demurrers to the sixth and eighth paragraphs of the answer.

7. The overruling of the appellant's motion for a new trial.

The first paragraph of the complaint alleges, in substance, that before the publication of the libel therein mentioned, an

action then pending in the Wabash Circuit Court, in the State of Indiana, wherein the State of Indiana was plaintiff, and one Benjamin Sharpe was defendant, came on for trial, and was tried therein; on the trial of which cause, the plaintiff was sworn and testified as a witness; and that afterwards, on, etc., the defendant printed and published of and concerning the plaintiff and the trial of said cause, and of the plaintiff's testimony upon said trial, the following libellous handbill, viz.:

"Notice is hereby given to the citizens of Liberty township, Wabash county, Indiana, that Harrison Sharpe, John M. Logan, Pete Sailors, and William Dillon did state under oath things that were not true, in the Wabash court, on the 29th day of May, '73, to the effect that the smoke-house of Harrison Sharpe cannot be seen from my house. All persons wanting to satisfy themselves can come and see. I want the people of the Baptist Church to investigate the matter; if not, some other course will be pursued.

"S. DOWNEY."

The second paragraph alleges the trial of the cause in the Wabash Circuit Court, and that the plaintiff was sworn and testified therein as a witness, as in the first paragraph, and that the defendant, afterwards, on, etc., uttered and published of and concerning the trial of said cause, and of and concerning the plaintiff and his testimony upon the trial of said cause, the following words, stated with the proper innuendoes, viz.:

"They swore to a lie." "They swore to a lie, and I intend to publish them." "They all swore to a lie." "They all swore to a damned lie." "They all swore to lies."

Each paragraph contained the usual allegations in respect to the innocence and good character of the plaintiff, the falsity of the charges, the malice of the defendant, etc., and that the defendant meant by the words to impute to the plaintiff the crime of perjury.

It is objected that both paragraphs are bad, because they do not contain a charge of perjury. It is said in the brief

of counsel for the appellant, that "this publication conveys no idea of corruption or knowledge of the untruth when the statement was made."

A charge of perjury, in order to be actionable, need not set forth the particulars of the supposed crime with the certainty required in an indictment for that offence. Thus, words making a general charge of "perjury" are actionable in themselves without any colloquium. 1 Am. Lead. Cas., top page 108, and notes.

To charge one with being forsworn, or with having taken a false oath, unless connected by some necessary reference to other circumstances constituting the offence, does not, to common apprehension, produce the conclusion that perjury has been committed. Here, however, the imputed false swearing, as charged in both paragraphs, is alleged to have had reference to the evidence of the plaintiff on the trial of the cause in the Wabash Circuit Court. In such case the charges contained in both paragraphs are clearly actionable. In the volume above quoted, at the same page, it is said, that "the question, therefore, whether a charge of false swearing is or is not actionable, depends upon whether it appears from the words themselves, or from the circumstances connected with them, and averred in the introductory matter, that the charge related to an oath in some judicial proceeding, or necessarily conveyed to the mind of the hearer an imputation of perjury; and all the cases go upon this distinction." See, also, *Coombs* v. *Rose*, 8 Blackf. 155.

It is also urged that both paragraphs are bad because they do not show that the evidence of the plaintiff on the trial of the cause in the Wabash Circuit Court went to a point material to the issue in that cause. There is no force in this objection. In *Wilson* v. *Harding*, 2 Blackf. 241, it was held, that "where there has been a trial before a competent tribunal, it will be presumed that the testimony given on that trial was material. To charge a man with perjury, in reference to a trial where perjury might be committed, is actionable; as to say, you were forsworn at such a trial; or, as in

this case, to say of another, that he is forsworn before a justice of the peace, has been held to be actionable."

This case was approved and followed in *Whitsel* v. *Lennen*, 13 Ind. 535, and *Dorsett* v. *Adams*, 50 Ind. 129. See, also, 1 Am. L. Cas., 5th ed., top page, 111.

There was no error in overruling the demurrer to each paragraph of the complaint.

The defendant answered in nine paragraphs. The first was a general denial of the first paragraph of the complaint. The second was addressed to the first paragraph of the complaint, and states a portion of the evidence given upon the trial of the cause in the Wabash Circuit Court, showing its contradictory character; states the circumstances under which, and the purposes for which, the publication was made, and denies all malice in the publication. No error was committed in striking out this paragraph. It constituted no defence except so far as it denied the malice, and this was covered by the general denial.

The ninth paragraph of the answer was somewhat, though not altogether, like the second. It was addressed to the first paragraph of the complaint, and set out evidence alleged to have been given on the trial of the cause in the Wabash Circuit Court. The paragraph is long and need not be set out in full, but we copy the concluding portions:

"And the defendant avers that after said trial it became and was matter of common talk and notoriety in the neighborhood where the plaintiff and defendant at the time resided, that the evidence above stated as given by the plaintiff and others, and by the defendant and his said grandson, on said trial, was contradictory, conflicting and irreconcilable, and that the said witnesses for the State, or the said witnesses for the defendant Sharpe had been mistaken. Defendant says that, for the purpose of protecting his own character and that of said daughter and grandson from unjust suspicions and aspersions by reason of said contradictory evidence, he published the words complained of by the plaintiff, and avers that the same are true, and were published under

the circumstances above set forth, and for the purpose herein alleged, and for no other purpose; wherefore he justifies the publishing of the same, and demands judgment."

This paragraph was clearly not good as a justification. Although it avers that the words were true, it does not aver that they were true in the sense imputed to them. "A justification on the ground of truth must justify in the sense imputed by the innuendo, for the reason that the plea admits the innuendo." Townshend on Slander & Libel, 2d ed., sec. 215. We have seen that, by the allegations of the complaint, the defendant published the words, meaning and intending thereby to impute to the plaintiff the crime of perjury. The words published, in reference to the plaintiff's testimony upon the trial of the cause mentioned, are clearly susceptible of that meaning. In order to a justification, the answer should allege facts sufficient to show that the plaintiff did commit perjury upon that trial. The court below thought the substance of this paragraph embraced by the general denial, and therefore struck it out. If the paragraph contains any ground of defence, it is perhaps an argumentative denial that by the words, the defendant intended to impute to the plaintiff the crime of perjury, and a like denial of the malice. But these were covered by the general denial, and the court committed no error in striking the paragraph out.

The sixth paragraph of the answer, to which a demurrer was sustained, was pleaded to the second paragraph of the complaint, and was intended as a justification. It alleges, that upon the trial of the cause in the Wabash Circuit Court, certain matters material to the issue in that cause were testified to by the plaintiff, setting them out, but it does not allege that the plaintiff corruptly or knowingly made the statements, nor does it allege that he knew them to be false. The only allegation in that respect is the following: "Which evidence so given by plaintiff was false and known at the time to be false." It is not charged, as will be seen, that the evidence was known by the plaintiff to be false. This

paragraph does not state facts sufficient to constitute perjury. It does not show that the plaintiff's testimony was wilful or corrupt. See authority last cited, sec. 214. There was no error in sustaining the demurrer to this paragraph.

The eighth paragraph of the answer was pleaded to the second paragraph of the complaint, and by it the defendant says, "he admits that at the April term, 1873, of the Wabash Circuit Court, a cause was tried therein, in which the State of Indiana was plaintiff, and one Benjamin Sharpe was defendant; and he alleges that during the progress of said trial it became and was material to know the general character of Mary E. Downey, a daughter of this defendant, and who had been called and duly sworn as a witness, and testified therein; and thereupon the plaintiff herein was called and duly sworn as a witness in said cause, and testified therein, and, among other things, testified that one John Logan had told plaintiff said Mary's character was bad, and that said witness had heard John Logan say said Mary's character was not good, all of which testimony was false, and known to be false by said plaintiff at the time it was so given; wherefore the defendant says plaintiff, in giving said testimony, was guilty of wilful and corrupt perjury, and the defendant justifies the speaking of the words complained of."

A demurrer to this paragraph, for want of sufficient facts, was sustained, and the defendant excepted.

To constitute the crime of perjury, the false swearing must be wilful and corrupt. 2 G. & H. 450, sec. 40. The answer in question does not aver that the plaintiff wilfully or corruptly swore as is imputed to him. The statutory words, "wilfully and corruptly," seem to constitute an essential element in the description of the offence. It is sufficiently averred that the testimony was false, and that the plaintiff knew it, but this does not come up to the statutory description of the crime.

In *Rex* v. *Richards*, 7 D. & R. 665, it was said by ABBOTT, C. J.:

"Now according to every definition, the offence of per-

jury consists in swearing to some matter which is untrue, 'wilfully and corruptly.'" And judgment, on a verdict of guilty, was arrested for the want of them.

Bishop says: "That perjury must be what the law calls wilful and corrupt, is well settled." 2 Bishop Crim. Law, sec. 1046. See the case of *Thomas* v. *The Commonwealth*, 2 Rob. Va. 795, where an indictment was held bad for the want of the words "wilfully and corruptly."

In *United States* v. *Babcock*, 4 McLean, 113–117, the court, in speaking of an indictment for perjury, said: "But the averments must show that the defendant knew that he swore falsely, and that his motive was corrupt."

It is clear that the matter alleged in the answer would not, if contained in an indictment, constitute a valid charge of perjury, for the want of an allegation that the plaintiff wilfully and corruptly swore as therein stated.

In 1 Am. Lead. Cas., 5th ed., top page 189, it is said: "Where some crime is charged in the slander or libel, and there is a justification of the truth of it, the plea must contain the same degree of certainty and precision as are required in an indictment for the crime; and must be supported by the same proof that is required on an indictment for the crime. Thus, in regard to a charge of perjury, a justification must show that the false swearing was in a judicial proceeding, where a lawful oath had been administered, and in a material point, and was absolute and wilful."

So in Townshend on Slander, etc., at sec. 214, it is said: "To justify a charge of perjury on the ground of truth, it must not only be alleged that the plaintiff's testimony was false, but that it was wilful or corrupt."

Tested by these rules, the paragraph was bad, and the court committed no error in sustaining the demurrer. That portion of the paragraph following the "wherefore" adds nothing to what had been previously alleged. It is the conclusion which the pleader drew from the facts already stated, and does not supply the omission of any material allegation.

VOL. LII.—29

It may be observed, before passing from this paragraph, that its sufficiency in another respect is questionable. . There does not appear to have been any connection between the matter alleged to have been material, and the matter alleged to have been sworn to by the plaintiff. It is alleged to have been material to know the general character of Mary E. Downey. The plaintiff is not charged with having testified at all in relation to the general character of the person named. He testified only, so far as is alleged, as to what John Logan said about the character of the person named; yet it is not alleged that what John Logan said was material. If the plaintiff was called upon to testify as to the general character of Mary E. Downey, and thereupon testified in chief that such character was bad, and if, upon cross-examination, upon being interrogated as to what he had heard said on the subject, and by whom, he had testified as is charged, it would seem that the facts should have been alleged, so as to have shown the relation which his testimony bore to the matter alleged to have been material.

We come to the seventh and last assignment of error, the overruling of the motion for a new trial.

The first and second reasons for a new trial go to the evidence, in which there is nothing that requires us to interfere with the verdict of the jury.

The third and fourth have reference to the rulings of the court on the pleadings, and are not insisted upon as grounds for a new trial.

The fifth reason was based upon the ruling of the court in excluding the following evidence: Jacob Downey, a son of the defendant, was being examined as a witness, and the record shows that it was "proposed by the defendant's attorney to prove by this witness. that his father had always before this publication directed him and his other children to treat Mr. Dillon kindly." This evidence was rejected. The record does not show that the defendant stated to the court the object of the proposed evidence, or the ground on

which it was supposed to have been admissible, nor does it show on what ground it was rejected.

It is urged by the appellant that this evidence was competent as showing a good state of feeling on the part of the defendant toward the plaintiff, in order to rebut any evidence or inference of malice. But conceding, without deciding, that evidence of such friendly feeling would be competent for such purpose, still it ought to be confined to a period near the publication. The case is analogous to that of *Porter* v. *Henderson*, 11 Mich. 20, where, in an action for slander, the court below "refused to allow evidence that during the six years prior to the trial, inveterate feelings of hostility had existed between the plaintiff and defendant, and that the plaintiff had taken every opportunity to irritate the defendant."

The court said, in relation to the evidence thus rejected:

"There must be either some misconduct or some provocation immediately occasioning the grievance, or so connected with it as to furnish to some degree a reason or excuse for it, to allow the act of the defendant" (in error) "to mitigate the damages the law would otherwise award for the injury. The proposition in this case was too broad, as it tended to show no immediate provocation, or proper motive; but, on the contrary, malice and inveterate hostility on the part of the defendant, as well as on that of the plaintiff, for years prior to the alleged injury."

So here, the evidence offered was too broad; it proposed to show the feelings of the defendant toward the plaintiff, "always before this publication." The evidence, as offered, was objectionable for this reason, if for no other, and the court committed no error in excluding it.

We are referred by the counsel for the appellant, in their brief, to the following passage in the bill of exceptions. as the basis for the sixth reason for a new trial, viz.:

"Re-examination of Campbell. Proposed by defence to ask, as an original question, that" (whether the) "conflict of

testimony between State's and defendant's witnesses in the Benjamin Sharpe trial was commented upon by the jury in their deliberations upon that case. Objected to as incompetent testimony. Sustained. Exception."

The evidence was so clearly incompetent that we shall consume no further time in its consideration.

The appellant makes no point upon the seventh and ninth reasons. The eighth alone remains to be considered. It is " error of the court in allowing the plaintiff, over the defendant's objection, to offer proof in support of his general character for truth and veracity, when the defendant had offered no evidence attacking or impeaching his general character for truth and veracity."

The defendant had put in an answer of justification and had given evidence tending to sustain it. Greenleaf says: " Wherever the truth of a charge of crime is pleaded in justification, the plaintiff may give his own character in evidence to rebut the charge." 2 Greenl. Ev. sec. 426. We think that where the truth of a charge of crime is pleaded in justification, and evidence is given tending to sustain the plea, as in this case, the plaintiff may give in evidence his general character, in the same manner as if he were on trial upon an indictment for the alleged crime. *Harding* v. *Brooks*, 5 Pick. 244. This was held to be the law in the case of *Byrket* v. *Monohon*, 7 Blackf. 83, where the court said:

" The defendant undertook to prove that the plaintiff had committed perjury; and the jury, in making up their minds on the subject, had surely a right to take into consideration, if the defence was not clearly proved, the general good character of the plaintiff for truth. Indeed, it would seem that such evidence ought never to be withdrawn from the jury, though it will often be rendered of no avail by the nature of the defendant's evidence. If the plaintiff were indicted for the offence, it would be proper for the jury, in making up their verdict, to take into consideration his general good

character for truth; * * * and the law must be the same in the case before us."

See, also, as bearing upon this question, the following cases:

*Adams* v. *Lawson*, 17 Grat. 250; *Shroyer* v. *Miller*, 3 W. Va. 158; *Scott* v. *Peebles*, 2 Sm. & M. 546; and *Romayne* v. *Duane*, 3 Wash. C. C. 246.

In *Miles* v. *Vanhorn*, 17 Ind. 245, an action for slander brought by a woman, for words impeaching her chastity, where the defendant had justified and offered evidence in support of his justification, but had given no evidence touching the general character of the plaintiff, it was held that she could not give evidence in support of her general character. The case is not in conflict with that cited from 7 Blackf., or with the principle above announced.

The case of *Miles* v. *Vanhorn* did not involve the charge of a crime.

This court, in the case of *Wilson* v. *Barnett*, 45 Ind. 163, recognized the distinction between slander involving a charge of crime, and that impugning the chastity of a woman, which latter is made actionable by statute; holding that, while in the former case a justification must be proved beyond any reasonable doubt, in the latter case it need only be proved, like other civil matter, by a preponderance of evidence.

In *Haun* v. *Wilson*, 28 Ind. 296, the court clearly recognized the principle announced above. The action was for slander in charging the plaintiff with larceny. The court said:

"After the evidence on the part of the defence was closed, the plaintiff offered to read in evidence the depositions of several witnesses, taken and filed by him, for the purpose of sustaining his general good character, but the defendant objected, and the court sustained the objection. This ruling is also complained of. The plaintiff's character was not put in issue either by the pleadings or the evidence. There was no answer alleging the truth of the charge in justification,

and no evidence was offered or given to the jury impeaching the plaintiff's character. The evidence offered was improper, and the court did right in rejecting it."

There was no error in admitting the evidence.

We have thus gone through with this lengthy case, and find no error in the record.

The judgment below is affirmed, with costs.