Gebhart *v.* Burkett.

GEBHART *v.* BURKETT.

EVIDENCE.—*Character of Defendant.—Action for Trespass.*—In an action to recover damages resulting from the commission of an unlawful act, evidence of the general good character of the defendant is not admissible, whether such act is or is not indictable, except where his character is directly in issue, and, from the nature of the act charged, is of special importance.

SAME.—*Arson.*—Such evidence is not admissible under the general denial, in an action to recover damages for the alleged unlawful and malicious burning of a building.

SAME.—*Damages.*—The damages recoverable in such action are compensatory merely, and not punitive.

SAME.—*Exclusion of Evidence.—New Trial.—Harmless Error.*—Error in the exclusion of evidence offered on the trial of a cause is not available, where, during such trial and before the close of the evidence, the court reverses its former ruling and notifies the party offering it that it will be admitted.

SAME.—Error in the admission of evidence which is harmless to the party complaining thereof is not available as ground for a new trial, or on appeal to the Supreme Court.

SAME.—*Husband and Wife.—Declarations of Wife.*—The declarations of a wife concerning a material matter, made to her husband in the presence of a third person, in which he either directly or indirectly acquiesces, is not a confidential communication, but may be given in evidence against him.

SAME.—*Error Cured by Instruction to Jury.*—Error in the admission of evidence is not available as ground for a new trial, where, by the instructions of the court to the jury, they are directed to disregard it in the absence of other evidence rendering it material.

Gebhart v. Burkett.

SAME.—*Instruction to Jury.*—Error in refusing instructions asked to the jury is not available as ground for a new trial, where the court of its own motion gives proper instructions covering the same ground as those refused.

From the Wayne Circuit Court.

*T. M. Browne, H. C. Fox* and *C. H. Burchenal,* for appellant.

*W. A. Bickle, J. P. Siddall, W. D. Foulke* and *T. J. Study,* for appellee.

BIDDLE, C. J.—Suit by appellee, against appellant, for " wilfully, unlawfully and maliciously " burning a barn and its contents.

The complaint contains three paragraphs. Demurrers were sustained to the first and third paragraphs, and overruled to the second, upon which issue was formed by a general denial.

Proceedings in attachment were commenced simultaneously with the filing of the complaint.

The issues on the attachment, and on the second paragraph of the complaint, were submitted to a jury in the same trial, and a verdict found in favor of the appellee on both issues.

The case was commenced and tried in the court of common pleas. The verdict was found, causes for a new trial filed, and the case continued, on the last day of the term. Before the next term of the court of common pleas, the law transferring the business of that court into the circuit court took effect, and all subsequent proceedings were had in the latter court.

The motion for a new trial was overruled, judgment rendered, exceptions and appeal taken.

The principal errors insisted upon arise under the overruling of the motion for a new trial. The first ground alleged is, that the court erred in not permitting the appellant to prove his general good character in the defence. In support of this view, the appellant cites 1 Greenl. Ev., sections 54 and 55, but they do not seem to us to bear

him out, as applicable to this case. In speaking of the admissibility of evidence of general character, Mr. Greenleaf says:

"In civil cases, such evidence is not admitted, unless the nature of the action involves the general character of the party, or goes directly to affect it.   *   *   * And in all cases, where evidence is admitted touching the general character of the party, it ought manifestly to have reference to the nature of the charge against him."

While Mr. Greenleaf states generally, that, "In actions of tort, wherever the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it," he also says, that "It is not every allegation of fraud that may be said to put the character in issue; for, if it were so, the defendant's character would be put in issue in the ordinary form of declaring in assumpsit. This expression is technical, and confined to certain actions, from the nature of which, as in the preceding instances, the character of the parties, or some of them, is of particular importance. This kind of evidence is therefore rejected, wherever the general character is involved by the plea only, and not by the nature of the action. Nor is it received in actions of assault and battery; nor in assumpsit; nor in trespass on the case for malicious prosecution; nor in an information for a penalty for violation of the civil, police, or revenue laws; nor in ejectment, brought in order to set aside a will for fraud committed by the defendant."

Besides, one of the cases cited by Mr. Greenleaf (*Ruan* v. *Perry*, 3 Caines, 120,) has been frequently disapproved, denied as authority, if not directly overruled. In the case of *The Attorney General* v. *Bowman*, at Westminster, upon the trial of an information against the defendant for keeping false weights, and for offering to corrupt an officer, the defendant's counsel called a witness to character, but EYRE, Ch. B., said:

"I can not admit this evidence in a civil suit. The

offence imputed by the information is not in the shape of a crime. It would be contrary to the true line of distinction to admit it, which is this; that in a direct prosecution for a crime, such evidence is admissible, but where the prosecution is not directly for the crime but for the penalty, as in this information, it is not." *Huntley* v. *Luscombe*, 2 B. & P. 532, note *a*. *Fowler* v. *The Ætna Fire Insurance Co.*, 6 Cowen, 673; *Anderson's Ex'rs* v. *Long*, 10 S. & R. 55; *Humphrey* v. *Humphrey*, 7 Conn. 116; *Leckey* v. *Bloser*, 24 Pa. State, 401; *Lander* v. *Seaver*, 32 Vt. 114.

The case of *Porter* v. *Seiler*, 23 Pa. State, 424, was for an assault and battery inflicted by a knife; yet it was held, that evidence of the defendant's general good and peaceable character was not admissible to rebut malice. The general principle was therein laid down, that evidence of character is not admissible in civil suits, except when it is directly in issue, and where, from the nature of the issue, such evidence is of special importance; and it is immaterial whether the act charged be indictable or not.

In the case before us, it is apparent that the general character of appellant is not involved. Motive or intent constitutes no element in the wrong complained of. The injury is the same, whether committed with or without malice. True, the appellee charges the appellant with maliciously burning the barn and its contents, but it was not necessary to prove the malice. If he proved the burning to be unlawful, it was sufficient as to that part of the case. General good character is no defence to the particular act charged.

The cases cited by the appellant do not invade this general principle. *Byrket* v. *Monohon*, 7 Blackf. 83, was a case of slander for charging the plaintiff with perjury; plea, justification. Here character is put directly in issue, and the corrupt intent is necessary to the defence. The same in *Miles* v. *Vanhorn*, 17 Ind. 245.

In the case of *Haun* v. *Wilson*, 28 Ind. 296, which was for slander founded on words charging the plaintiff with

larceny, evidence of good character was held inadmissible, because there was no answer in justification putting character in issue ; and in the case we are considering, as character was not put in issue, and was not involved in the nature of the charge complained of, we are of opinion that the court committed no error in rejecting the evidence. *Downey* v. *Dillon*, 52 Ind. 442; *Church* v. *Drummond*, 7 Ind. 17; *Jolly* v. *The Terre Haute Drawbridge Co.*, 9 Ind. 417.

The appellant offered to prove by Joseph Riprogle, a competent witness, that "the land described in certain deeds, given in evidence by the appellee, originally belonged to the witness, who was the father of the appellant's wife, and that the land was given to her as an advancement, though the deed therefor was executed in the name of the appellant; that, shortly before the execution of the deed by appellant, the witness had gone to him and told him that the land was a gift to his daughter as a provision for her, and it was not right that the land should be in danger of being taken for liabilities of appellant, and insisted that he [appellant] should execute a deed, so as to vest the legal title in the wife; that appellant at first, and for some time, refused to make such deed, but finally, at the urgent solicitation of witness, consented to do so, and that it was in pursuance of such solicitation and consent, that the deeds so introduced by appellee were executed."

This evidence was objected to by the appellee, and the objection was sustained by the court.

This ruling was made on Tuesday, and on the morning of Wednesday, before the trial was resumed, the court announced, "that it would permit the appellant to recall Joseph Riprogle, who was then in attendance as a witness, and that said witness should be permitted to give in testimony any conversation between appellant and witness prior to the sale of the property by appellant to the

witness, and at the time of such sale, relative to the inducements to such sale, or the motives for making it.'"

The appellant did not avail himself of the offer by the court to correct the alleged error, either in whole or in part. We think, therefore, he ought not to be allowed to correct it here. True, he had propounded certain questions to the witness Riprogle, which might have called out evidence wider than that proposed to be offered, and to which objections were sustained; but we think what the court offered to allow him to prove was substantially the same as that which he offered to prove; and this was as wide as his exception could go. It seems as if he would rather have the alleged error in the record than the evidence which he offered. He should have recalled the witness and asked him such questions as he chose, subject to the objections of the opposite party and the rulings of the court; and, not having done so, there is nothing in the alleged error of which he can fairly complain.

The appellee asked a witness, Joseph Rodgers, if Mrs. Gebhart said or did any thing in the presence or hearing of Gebhart during a certain conversation, and if so, what it was.

To this question the appellant objected, but his objection was overruled, and the witness answered:

"Ma and Mrs. Gebhart were sitting, one to my right and the other to my left, by the stove, eating apples. In his conversation, she shook her head, but he did'nt see it; and she nudged the leg of the stove with her foot to attract his attention, and he looked up. She said, 'You talk too much; if you had'nt talked so much, we would'nt have been in the trouble we are now in.' He then stopped talking on that subject, and branched off on some courting scrape."

Assuming that this Mrs. Gebhart was the wife of the appellant, which does not appear by the question and answer, we can not perceive any available error in the ruling.

It is true, that a wife can not give testimony either for or against her husband, nor can her admissions or statements be received as evidence either for or against him, yet these statements, having been made to a third person, and not in confidential relations between husband and wife, the majority of the court are of the opinion that they were properly admitted; and in this instance, even if inadmissible, the remarks of Mrs. Gebhart were so trivial in themselves, so remote from the issues, and not having elicited any answer from the appellant, that we do not think their admission constitutes a substantial error.

The law does not concern itself about trifles. Besides, the court, in its fourteenth instruction to the jury, expressly told them, that "The mere statement of the wife or another person, no matter how directly such statement charges the defendant with a crime, can not be evidence against him. It can become evidence against him only by his adopting it, or acquiescing in it by words, or by an acquiescence inferable from silence." The slight irregularity, if any, in admitting the statement of the wife, is fully corrected by this instruction. *Pierce* v. *Goldsberry*, 35 Ind. 317.

The appellant excepted to the refusal of certain instructions to the jury, and also to the giving of certain instructions by the court. We have carefully examined the instructions throughout, and concluded that if any instructions were refused which ought to have been given, they were given by the court on its own motion; and that none of the instructions given were erroneous. Indeed, it seems to us, upon a full view of all the instructions, that, taken together, they were extremely liberal toward the appellant.

Some other exceptions were taken in the record and assigned amongst the errors, but as they were not discussed by the appellant in his brief, we do not examine them. *Payne* v. *McClain*, 7 Ind. 139; *Proctor* v. *Owens*, 18 Ind. 21.

The appellee insists that the bill of exceptions has not been made a part of the record, and, therefore, that the alleged errors are not properly reserved. Upon this point we have some doubts; but, while we must hold our system of practice intact,—for it is the very fence of justice, and the guide to right,—we yet prefer to examine a case on its merits, when they can be reached without an infringement of necessary rules, rather than to let it go off on some technical defect; more especially so, when the conclusion must be the same by either method.

The foregoing opinion, affirming the judgment in this case, was delivered at the last term of the court. On petition, all the members of the court not being fully satisfied upon the question of admitting evidence of the general good character of the appellant in his defence, a rehearing was granted. On a careful reconsideration of the question, we have concluded to adhere to the original opinion.

We can not perceive that the general character of the appellant was in issue, and, that being the case, the evidence was properly rejected.

In every criminal case, the State, as the plaintiff, puts in issue either the life, liberty or reputation of the defendant, and in such cases, in favor of life, liberty or reputation, evidence of the general good character of the defendant is admissible, but the general rule in civil cases is, that evidence of general good character is not admissible. It is never admissible unless necessarily made so by the nature and character of the case.

We believe there is no case to be found of trespass between private parties wherein such evidence was admitted, however unwarrantably or maliciously the act might have been committed. In such cases, it is uniformly rejected.

This case is simply one of trespass, and it is immaterial

to the right of the injured party, whether the act was done maliciously, carelessly or by accident, if it was unlawful. The fact that the appellee alleged the act to have been done maliciously does not alter the character of the case. The averment is mere surplusage; the malice need not be proved; nor is it of the least consequence whether the act was done by a person of good character or bad character. The damages are not punitive; they are compensatory only.

In addition to the authorities heretofore cited in this case, the following, we think, fully sustain our views: *Ward* v. *Herndon*, 5 Porter, 382; *Morris* v. *Hazelwood*, 1 Bush, 208; *Schmidt* v. *New York, etc., Ins. Co.*, 1 Gray, 529; *Smets* v. *Plunket*, 1 Strob. 372; *Lockyer* v. *Lockyer*, 1 Edmonds, 107; *Boardman* v. *Woodman*, 47 N. H. 120; *Gutzwiller* v. *Lackman*, 23 Mo. 168; *Wright* v. *McKee*, 37 Vt. 161; *Gough* v. *Herring*, 16 Wend. 646; *Thayer* v. *Boyle*, 30 Me. 475; Wharton Ev., sec. 47.

The judgment is affirmed, with costs.