Ross, J.
The appellant, Mellin McCormack, sued the appellees, Ashbury Showalter, Charles Newby, John T. Iierrel, David Craig, Benton Hinshaw, Jehu Craig, John W. Souder, John Oliphant, Joe Newby, Abe Larue, Frank A. Martindale and John Minnick, to recover dam- ’ ages for trespass in the destruction of a building owned by him, by blowing it up with dynamite.
There was a trial by jury, and a verdict in favor of appellant, assessing his damages at five hundred dollars.
With their general verdict the jury returned answers to a number of interrogatories which had been submitted to them at the request-of the appellees. By the record, it appears that the court, in rendering judgment, allowed the appellant four hundred dollars damages instead of five hundred dollars, the amount assessed by the jury in their general verdict. The only contention of appellant is that the court erred in refusing to render judgment in *99 his favor on the general verdict for five hundred dollars.
Filed Nov. 23, 1894.
The theory of the complaint is to recover damages for trespass. In actions of this character, the damages which are recoverable are simply compensatory. Gebhart v. Burkett, 57 Ind. 378.
Under the allegations of appellant’s complaint, no other damages could be assessed, and they must be limited to the property destroyed or injured.
In answer to interrogatory number twenty-nine, the jury found that the property destroyed was of the value of four hundred dollars. That being the extent of the injury sustained, the general verdict was excessive in the sum of one hundred dollars. The jury, in all probability, added this extra one hundred dollars as punitive damages. To this extent the'answers to interrogatories overcame the general verdict.
The counsel for appellees have devoted a great part of their brief to the discussion of questions not properly before us, inasmuch as they arise, if at all, under an assignment of cross-errors. The records of this cause in this court fail to show that cross-errors were ever assigned or filed by the appellees, and the paper upon which the supposed assignment of cross-errors is written does not bear the file mark of the clerk of this court.
Under the rules of this court the appellees had sixty days after the submission of the cause within which to have assigned cross-errors, but having failed to do so could not afterwards make such assignment without leave of court. Rule 4 of rules of Appellate Court.
Judgment affirmed-